## Asher *v.* State of Indiana.

[No. 24,565.   Filed June 1, 1926.]

1. CRIMINAL LAW.—*Trial judge must grant change of judge if motion is sufficient under the law.*—A trial judge has no discretion in ruling on a motion for a change of judge if such motion is sufficient under the law, but it is his imperative duty to grant the change. p. 27.

2. CRIMINAL LAW.—*Diligence in moving for a change of judge.*—Where an affidavit for a change of judge alleged that it was prepared and filed as soon as affiant learned and knew of the bias and prejudice of the judge, the fact that prospective jurymen were sworn to answer questions as to their competency to serve as jurors would not show a lack of diligence in moving for the change. p. 27.

3. CRIMINAL LAW.—*Allegation in affidavit for change of judge as to time of its preparation held sufficient.*—Allegation in an affidavit for a change of judge that it was prepared and filed as soon as the bias and prejudice of the trial judge were known, and before the trial began, is unassailable by the judge. p. 27.

Asher *v.* State—198 Ind. 23.

4. CRIMINAL LAW.—*Record is conclusive in determining, whether trial judge was justified in overruling, motion for change of judge.*—In considering whether a trial judge was justified in overruling a motion for a change of judge because prospective jurors had been sworn upon their *voir dire* before the motion was filed, the record is conclusive as to the order of procedure, and cannot be overcome by the statement of the judge in overruling said motion. p. 28.

5. CRIMINAL LAW.—*Statement by trial judge in overruling, motion for change of judge will not be considered on appeal.*— The statement by a trial judge in overruling a motion for a change of judge that the motion was filed too late under the rules and practice of the court was but a conclusion, and will not be considered on appeal where the rules and practice concerning the presentation of motions for changes of venue are not in the record. p. 28.

6. CRIMINAL LAW.—*Motion for change of judge because of his bias and prejudice timely filed notwithstanding, rule of court.*— A motion for a change of judge because of the bias and prejudice of the presiding judge, which was filed immediately after the filing of a new count in the affidavit, that being the only charge pending at the time the motion was filed, was filed in time, notwithstanding a rule of court requiring motions for changes of venue to be filed a certain number of days before the day set for trial, especially where the motion was filed before the submission of the cause for trial. p. 28.

7. CRIMINAL LAW.—The trial judge's opinion that he has no bias or prejudice against a defendant applying for a change of judge is of no force as against a proper affidavit of the existence of such bias and prejudice. p. 28.

8. CRIMINAL LAW.—*Denial of change of judge held error.*— Where a motion for a change of judge in proper legal form was filed before the trial began and alleged that it was made and filed as soon as the bias and prejudice of the judge were ascertained, it was error for the court to deny the change, as the court has no discretion in the matter. p. 30.

9. INTOXICATING LIQUORS.—*Section of a statute germane to act was not unconstitutional because not covered by the title of the act.*—Section 20 of the Prohibition Law of 1917 (Acts 1917 p. 17, §8356t Burns' Supp. 1921), defining a liquor nuisance, and imposing a penalty for maintaining the same, was germane to the subject of the act and not in violation of §19, Art. 4, of the state Constitution. p. 30.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Court Asher was convicted of maintaining a liquor nuisance, and he appeals. *Reversed.*

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

TRAVIS, J.—Appellant appeals from a judgment which imposed a fine and imprisonment, and assigns errors upon the rulings of the trial court in overruling his motions: (a) To quash the third count of the affidavit which stated the charge against him; (b) for a new trial. The errors presented by the motion for a new trial are the rulings of the court in overruling appellant's motion for a change of venue from the judge, in giving certain instructions to the jury, and the insufficiency of the evidence to sustain the verdict.

For a better understanding of the errors presented, a chronological statement of the record of the case is given, which is as follows, to wit:

On May 24, 1922, the prosecuting attorney filed in the city court of the city of Muncie, an affidavit in two counts, charging that appellant, on or about May 24, 1922, in Delaware county, Indiana, violated certain sections of the prohibition law. Thereafter, June 2, 1922, at appellant's request, the cause of action was certified by the city court to the Delaware Circuit Court. On June 19, 1923, appellant appeared in the Delaware Circuit Court and filed his separate and several motion to quash each count of the affidavit. The court sustained the motion to quash the first count, and overruled it as to the second count. Thereafter, January 7, 1924, appellant moved to dismiss the cause for want of jurisdiction, which motion was overruled. January 8, following, appellant moved to change the venue from the county, which motion was overruled. January 9, the prosecuting attorney asked and was granted permission

to file, and filed, an additional and third count of the affidavit which charged the maintaining of a common nuisance, based upon §20 of the prohibition law (Acts 1917 ch. 4). The same day, appellant filed his motion to quash the third count of the affidavit, which motion was overruled. The prosecuting attorney then moved to dismiss the second count of the affidavit, which motion was sustained and the second count was dismissed. Following this action by the court, appellant filed his verified motion for a change of venue from the judge, on account of the alleged bias and prejudice of the judge. This motion contained the further allegation that appellant had no knowledge of the bias and prejudice of the judge against him, at and prior to the time the cause was set for trial, and that he did not learn or know of such bias and prejudice until January 9, 1924 (the day the motion for the change of venue was verified and filed) and that he made and filed the motion as soon as he discovered and learned of such bias and prejudice of the judge. The court overruled the motion to change the venue from the judge, "for the following reasons, to wit: 1st. That said motion and affidavit showed no diligence on the part of the plaintiff, 2nd: that said affidavit and motion was filed after the jury was sworn to answer questions concerning their competency to serve in this cause and that under the uniform rules and practice of this court said affidavit and motion was filed too late; 3d. that defendant has had criminal cases tried before said judge two times within the last year and in view of what has occurred during the progress of the case this court is of the opinion that there is no bias or prejudice or interest against said defendant in this case." Thereafter, the same day, the cause was submitted and a jury impanneled and sworn.

It is inferred from the quoted reasons of the trial

judge for overruling the motion to change the venue from the judge, that at sometime on January 9, 1924, prior to the filing of the third count of the affidavit and before the filing of the motion to change the venue from the judge, the jury was sworn as to their competency to serve as jurors in the trial of the cause.

The sole question necessary for the decision of this appeal is the sufficiency of the motion of the appellant for a change of venue from the judge.

A trial judge has no discretion to exercise in the matter of ruling upon a motion for a change of venue from the judge, if such motion is sufficient under the

1. law. When such a motion is filed, it is the imperative duty of the court to grant the change of venue. *Mershon* v. *State* (1873), 44 Ind. 598, 599; *Goldsby* v. *State* (1862), 18 Ind. 147.

The trial judge justifies his action in overruling the motion to change the venue from the judge because the motion did not show diligence. The record of

2, 3. the proceedings by the court in this cause shows that during the day the motion to change the venue was made and filed, the third count of the affidavit, the motion to quash it, the motion to dismiss the second count of the affidavit, and the motion for the change of venue from the judge, were filed and that the court ruled upon these motions, and that sometime during the period of the time covering these actions, prospective jurymen were sworn upon their *voir dire*. As shown by the above action of events, there was no lack of diligence. The allegation of appellant that he made and filed his motion to change the venue as soon as he learned and knew of the bias and prejudice, and before the trial began, is unassailable at the hand of the trial judge. If this were not the rule, a party could not, as against such a reason by any trial judge, obtain a change of venue from the judge.

The trial judge seeks to justify his action in overruling the motion to change the venue for the second reason,

4-7. because prospective jurors had been sworn upon their *voir dire* before the motion was filed. The record is conclusive in considering this second reason. Appellant appears by this record to have moved with all possible haste, and all motions presented to the court were presented immediately following the steps taken in the action by the prosecuting attorney. The record does not show that the prospective jurors were so sworn upon their *voir dire* during the day of January 9, 1924, except as shown by the reason given by the court for overruling the motion. It is just as fair to assume that the prospective jurors were so sworn on their *voir dire* as the first move in the morning of January 9, 1924, before any other action was had in this cause, and before the third count of the affidavit was filed, as to presume or suppose that they were sworn just prior to the filing of the motion for the change of venue. That part of the second reason which asserts that the motion was filed too late as tested by rules and practice of the court is but a conclusion. The rules and practice concerning the presentation of motions for changes of venue are not in the record. Neither does the record show that this cause was set for trial. It is sufficient for the defendant's excuse for not having filed his motion for a change of venue from the judge prior to January 9, 1924, that the record discloses that the only charge pending against him in this proceeding at the time he prepared and filed the motion to change the venue from the judge, was that presented by such third count of the affidavit which was filed the same day. It was improper to consider any rule of court which concerns filing motions to change the venue of a cause at any time certain before the day set for trial, because the charge for

which appellant was to be tried did not exist until the day appellant was tried upon the charge, which was the day the motion for such change of venue was filed. It is to be noted that the motion to change the venue was filed before the submission of the cause for trial, and before the jury was sworn to try the cause, although, as to whether it might have been proper to have filed the motion to change the venue after the jury had been sworn to try the cause, no opinion is expressed. The conclusion follows that the second reason was not sufficient to sustain the ruling of the court overruling the motion. The third reason for justification of the ruling belies its purpose. The opinion of the trial judge that he has no bias or prejudice or interest against the defendant avails nothing. If that were to be the test upon which to base a judicial ruling on such a motion, the statute which grants the right to such a change of venue is for all practicable purposes meaningless and useless. The reason seeks to argue to the conclusion of no bias or prejudice. The very argument is unsound, for it matters not how many trials of cases the same judge may have presided over in which the appellant was a party in any prior number of years; this cannot be a premise upon which to conclude that the party did not believe such judge to be biased and prejudiced. The third reason is unfounded and insufficient to sustain the court's ruling. According to the conclusions that the motion for the change of venue from the judge was filed at the first opportunity after the affidavit which charged the offense was filed, and not in derogation of any rule of court, as disclosed by the record, and was founded upon a clear legal right, it follows that the court committed error in overruling the motion.

If the motion for a change of venue from the judge is in proper legal form, and alleges that it was made

State, ex rel., *v.* Davies—198 Ind. 30.

as soon as the bias and prejudice of the judge were ascertained, as against a rule of court which limits the time for filing such a motion, and that the motion was filed before the trial began, it is error for the court to deny the change of venue, there being no discretion upon the part of the court to exercise in considering the motion. *Bernhamer* v. *State* (1890), 123 Ind. 577, 580, 24 N. E. 509; *Rout* v. *Ninde* (1889), 118 Ind. 123, 20 N. E. 704; *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N.'E. 406; *Hays* v. *Morgan* (1882), 87 Ind. 231; *Shoemaker* v. *Smith* (1881), 74 Ind. 71; *Krutz* v. *Howard* (1880), 70 Ind. 174; *Galloway* v. *State* (1868), 29 Ind. 442, 447, 448.

Appellant claims that §20 of ch. 4, Acts 1917, is unconstitutional because it violates Art. 4, §19, of the Constitution of the state. This question has been decided by this court against the contention of appellant. *James* v. *State* (1919), 188 Ind. 579, 125 N. E. 211; *Alyea* v. *State* (1925), 196 Ind. 364, 147 N. E. 144; *Perrone* v. *State* (1925), 196 Ind. 384, 148 N. E. 412.

To decide the appeal, it is unnecessary to pass upon the errors based upon the instructions and the evidence.

The trial court is ordered to sustain appellant's motion for a change of venue from the judge.

Cause remanded.

Judgment reversed.