## BECK *v.* STATE OF INDIANA.

[No. 29,964. Filed January 25, 1961.]

*R. M. Rhodes,* of Peru, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, *Richard C.*

*Johnson,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was charged with being an accessory after the fact to second degree burglary and after a trial by jury was convicted and sentenced for a period of two to five years. He appeals from the judgment.

Appellant on this appeal contends the court below erred in overruling his application for change of judge.

The relative facts pertaining to this matter follow. The affidavit charging appellant in this case was filed on December 1, 1959. On December 4, appellant appeared in person and by counsel and waived arraignment and entered plea of not guilty. On January 5, 1960, the cause was set for trial before a jury for January 12, 1960. On January 9, 1960, appellant made and filed affidavit for change of judge which in addition to alleging bias and prejudice of the judge stated:

> "That he [appellant] could not make this affidavit and application for a change of venue from the judge within the time fixed by the rule of said court for the reason that he had no knowledge of said interest, bias and prejudice of said judge until the 9th day of January, 1960, and that he makes this affidavit at the first opportunity and on the first day of court after he learned said facts."

On January 11, 1960, a hearing was had on appellant's application for change of judge and the State of Indiana called appellant to the witness stand concerning the matters contained in his affidavit for change of venue and after hearing evidence the court made the following order:

> ". . . Upon the defendant's [appellant's] testimony that no new facts were learned by him on January 9, 1960, as set out in his affidavit, the

Court now overrules the defendant's affidavit for change of venue from the judge."

Appellant contends that in a criminal case if a motion for change of judge is in proper legal form and alleges it was made and filed as soon as the bias and prejudice of the judge were ascertained, it was error for the court to deny the change of judge, there being no discretion on the part of the court to exercise in considering the change of venue, citing: *Asher* v. *State* (1926), 198 Ind. 23, 29, 152 N. E. 171, 174.

Appellee however cites the Act of 1905 as amended in 1927[1] (providing for granting of change of judge) and states that the amendment intended the trial court should have some discretion in granting the change where an affidavit is not presented in the ten day period therein provided. Such statute with the 1927 amendment italicized is as follows:

"The defendant may show to the court, by affidavit, that he believes he can not receive a fair trial, owing to the bias and prejudice of the judge against him, or the excitement or prejudice against the defendant in the county or in some part thereof, and demand to be tried by disinterested triers. *Any affidavit for change of judge shall be filed at least ten [10] days before the day set for trial or if a date less than ten [10] days ahead is set for trial then such affidavit shall be filed within two [2] days after the setting of the case for trial.*" (Our emphasis.)

Without passing on whether discretion was intended to be given by such Act of 1927, it will be noted that such statute does not specifically deal with the question of the recent learning of prejudice as set forth in appellant's affidavit.

1. Burns' §9-1301 (1956 Replacement), being Acts 1905, ch. 169; §203, p. 584; 1927, ch. 132, §10, p. 411.

Rule 1-12B of this Court which, although it is not applicable to criminal cases, does make the following provision for change of venue after the time prescribed for such rule for taking a change (within ten days after closing of issues) has expired, viz.:

. . . . .

"Provided, however, if the moving party first obtains knowledge of the cause for change of venue from the county or judge after the time above limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, and the ruling of the court may be reviewed only for abuse of discretion."

Cases cited by appellant, including *O'Malia* v. *State* (1934), 207 Ind. 308, 311, 192 N. E. 435, 437, decided in 1934, clearly indicate this Court there recognized the mandatory right to change of venue for subsequently learned prejudice when a good and sufficient affidavit was expeditiously filed setting up the same. It might be argued that the 1927 amendment was intended to remove the cause for change for subsequently learned prejudice if the affidavit was not filed within two days after setting of cause for trial.

However, in view of cases relied on by appellant including the recent O'Malia case, *supra,* and the form of Rule 1-12B, *supra,* which although not applicable to criminal cases, provides for procedure in cases of recently learned prejudice where the change is not applied for within ten days of closing issues, it is our view that in criminal cases the absolute right to a change of judge still exists for recently learned preju-

dice upon a proper affidavit for change, and that any modification in the well established procedural law of this state should be clearly made by statute or court rule before we should consider that such modification has taken place in the law of this state. We believe this is fairer to the litigants than to make an alteration in our procedural law, if a change is desired, by court decision which has a retroactive effect.

It is therefore our view that the court below erred in denying the application for change of judge.

Judgment reversed.

Bobbitt, C. J., and Achor, Arterburn, Jackson, JJ., concur.

NOTE.—Reported in 171 N. E. 2d 696.