KENNETH THOMAS *v*. STATE OF INDIANA.

[No. 1074S221. Filed June 4, 1976.]

*Kent O. Stewart,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

DeBruler, J.—Appellant, Kenneth Thomas, was charged by information with the crimes of: Attempted commission

of a felony while armed, to-wit: Robbery, Ind. Code § 35-12-1-1, Burns § 10-4709 (1975), and Inflicting physical injury while attempting to commit a robbery, Ind. Code § 35-13-4-6, Burns § 10-4101 (1975). In a trial by jury, appellant was found guilty of both crimes. He was sentenced to twenty years for the armed robbery and to life for the infliction of injury.

The first of four contentions raised by appellant on appeal is that there was insufficient evidence to sustain the jury's determination that appellant inflicted a physical injury *while attempting* to commit a robbery. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State,* (1969) 253 Ind. 25, 244 N.E.2d 89, *cert. denied* 396 U.S. 821. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State,* (1970) 254 Ind. 401, 260 N.E.2d 558.

The evidence which tends to support the jury verdict is as follows: On the evening of January 22, 1974, appellant, age eighteen, one James Lewis, age nineteen, and three other younger youths were gathered at the house of a friend. They decided to go out and rob somebody. Appellant armed himself with a knife having an eight inch blade, and Lewis armed himself with a thirty-eight calibre pistol. Together the five left the house on foot, and after walking a distance approached a group of fifteen teenage boys standing on a street corner awaiting admission to a school gymnasium to play basketball. James Lewis pulled the gun from his coat and began waving it around at the basketball players. Appellant, brandishing the knife, went up to one of the players, Lennie Sauer, and asked him for his money and pushed him. Sauer handed his tennis shoes over to Lewis. Appellant, still with knife in hand,

went up to one Tim Radez and asked him for his wallet. Radez said he did not have any money. Appellant then pushed his body against Radez and pressed him for the wallet, and appellant struck him five or six times with the side of the knife. At one point Radez raised his arm to protect against the blows. The knife cut through the sleeve of a suede jacket Radez was wearing, inflicting a cut on the elbow requiring fourteen stitches to close and the wearing of a sling for three weeks. Appellant and his companions then left. The incident was immediately reported to the police, and within minutes, appellant and three of his group were arrested. At the trial, appellant and two of his group denied that they had hatched a plan to rob, while Lewis testified that the plan had been made.

Appellant argues that the injury was inflicted after an alleged robbery attempt and was not directly related to a physical effort to obtain the property. The testimony presented established that appellant, knife in hand, asked Radez for his wallet. Upon receiving a negative response, appellant with knife still in hand, pushed against Radez and struck him with the knife five or six times. In response to the threat posed by these blows, Radez engaged his assailant and was cut. The evidence heard by the jury warranted their conclusion that the cut was administered by appellant while he was attempting to rob Radez.

Appellant invites comparison of the facts of this case with those found insufficient to warrant conviction for inflicting an injury in the commission of a robbery in *Tibbs* v. *State*, (1970) 255 Ind. 309, 263 N.E.2d 728. That comparison is to no avail here, as it shows the strength of the State's case against appellant. In *Tibbs*, the agency actually causing the injury was not known. And, it was not known who wielded the agency causing the injury. Here, it is clear that the agency was a knife held in the hand of appellant and that the knife was being wielded in a threatening and forceful manner at the time the injury was inflicted.

Appellant next asserts that his life sentence for these criminal acts is cruel and unusual punishment and is disproportionate to the offense. He argues that he received a twenty year sentence for attempted robbery while armed with a knife and the life sentence for nothing more than an assault and battery or aggravated assault, and that the sentence is far too severe. The Eighth Amendment to the United States Constitution and Art. 1, § 16 of the Indiana Constitution have been interpreted by this Court as prohibiting the Legislature from providing punishments for lesser included offenses which are greater than those provided for the greater offenses. *Dembowski* v. *State,* (1968) 251 Ind. 250, 240 N.E.2d 815; *Brown* v. *State,* (1973) 261 Ind. 169, 301 N.E.2d 189. Appellant is unable to demonstrate that he is entitled to any remedy upon application of the construction given these constitutional provisions in those cases. Moreover, the appropriate term of imprisonment for a criminal offense is primarily a matter of legislative concern, and we do not believe that the legislative choice, in the case of this crime, exceeds constitutional boundaries. *Rowe* v. *State,* (1974) 262 Ind. 250, 314 N.E.2d 745.

Appellant next contends that this Court should reduce the sentence of life imprisonment under the authority vested in us by Art. 7, §§ 6 and 4 of the Indiana Constitution. Appellant relies upon Judge White's concurring opinion in *Gray* v. *State,* (1974) 159 Ind. App. 200, 305 N.E.2d 886, in which he urges the adoption of a rule implementing the Court's constitutional authority to review sentences. The utilization of the procedure recommended in that opinion would be of no avail to appellant here, as the trial judge, in meting out the sentence of life imprisonment for inflicting physical injury in an attempted robbery, was exercising no judicial discretion and, therefore, an appellate tribunal could not review the sentence for abuse of discretion. Neither do we consider the proof of any of the requisite elements of the offense of

inflicting injury during an attempted robbery to be so insubstantial as to warrant reduction of the conviction for that crime to any possible lesser and included offense, as was done in *Dickens* v. *State,* (1973) 260 Ind. 284, 295 N.E.2d 613.

Appellant's next ground on appeal is that the trial court committed error in giving an instruction on aiding and abetting in the commission of a felony. Trial counsel made no objection to this instruction below. The trial court's decision to give it to the jury is therefore not before us for consideration in this appeal. Ind. R. Crim. P. 8(B) ; *Loza* v. *State,* (1975) 263 Ind. 124, 325 N.E. 2d 173; *Martin* v. *State,* (1974) 261 Ind. 492, 306 N.E.2d 93; *Yeary* v. *State,* (1971) 257 Ind. 159, 273 N.E.2d 96; *Summerlin* v. *State,* (1971) 256 Ind. 652, 271 N.E.2d 411.

Appellant's final contention is that his sentence for the offense of Attempted robbery while armed must be set aside, as that offense is a lesser and included one of Inflicting physical injury in an attempted robbery. Ind. Code § 35-4.1-4-6(a), Burns § 35-8-1A-6(a) (1975) governs here. It provides:

> "A lesser offense is necessarily included in a greater offense if the lesser offense is such that it is impossible to commit the greater offense as charged without also having committed all the elements of the lesser included offense."

The statutes defining the two crimes involved here provide:

> "Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other *deadly or dangerous weapon* or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life." Ind. Code § 35-13-4-6. (Emphasis added.)

> "Any person who being over sixteen (16) years of age, commits or attempts to commit any felony while armed with any *dangerous or deadly weapon,* or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for a deter-

minate period of not less than ten (10) years nor more than thirty (30) years." Ind. Code § 35-12-1-1. (Emphasis added.)

Appellant was charged and convicted of both the attempted robbery of Radez while armed with a dangerous or deadly weapon and the infliction of an injury upon Radez with a dangerous or deadly weapon during an attempted robbery. We agree with appellant that it would not be possible to injure someone with a dangerous weapon while attempting to commit a robbery, without attempting to commit a robbery while armed with a dangerous weapon. Ind. Code § 35-4.1-4-6(d), Burns § 35-8-1A-6(d) (1975) dictates the proper result under circumstances such as these:

"If a defendant is charged with a greater offense and a lesser included offense in separate counts, upon a verdict or finding of guilty judgment and sentence may be entered against the defendant only on one (1) of such counts."

The conviction for Inflicting physical injury while attempting to commit a robbery, resulting in the imposition of a life sentence, is affirmed. The conviction and sentence for Attempted robbery while armed is reversed and ordered set aside.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 348 N.E.2d 4.