Boyd McCHRISTIAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1178S269.

Supreme Court of Indiana.

Nov. 5, 1979.

Richard D. Gilroy, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant), together with Larry D. Ingram, was charged with commission of a felony while armed, to wit: robbery, Ind.Code § 35–12–1–1 (Burns 1975 § 10–4709) and inflicting physical injury in the commission of robbery, Ind.Code § 35–13–4–6 (Burns 1975 § 10–4101). In a joint trial by jury, he was found guilty of both charges and was sentenced to life imprisonment upon the charge of inflicting injury in the commission of robbery. The trial court, at sentencing was silent as to the charge of robbery. The following issues are raised on appeal:

(1) Whether the trial court erred in denying the defendant's motion for a change of judge.

(2) Whether the trial court erred in denying the defendant's motion for a separate trial.

(3) Whether the trial court erred in sentencing the defendant upon the charge of inflicting physical injury in the commission of a robbery rather than upon the charge of committing robbery while armed.

(4) Whether the verdict was supported by sufficient evidence.

(5) Whether the life sentence imposed upon the defendant was unconstitutional or too severe.

(6) Whether the trial court erred in overruling the defendant's motion to quash the information as having been untimely filed.

\* \* \* \* \* \*

## ISSUE I

Defendant's first assignment of error is the trial court's refusal to grant his motion for a change of judge. On September 4, 1975, the defendant waived formal arraignment and entered a plea of not guilty to both charges. A motion for change of judge was filed with the trial court on January 15, 1976. Following a hearing, the motion was denied.

Defendant concedes his motion was not timely under Ind.R.Cr.P. 12 which requires the defendant to file such a motion within ten days of his plea. Nevertheless, he argues that his motion should have been granted.

Defense counsel cites *Beck v. State*, (1961) 241 Ind. 231, 171 N.E.2d 696, for the proposition that a defendant can move for a change of judge whenever bias or prejudice is discovered. Defendant, however, overlooks that the Court in *Beck*, found the right to a change of judge "exists for recently learned prejudice upon a proper affidavit for change * * *." (Emphasis added.) 241 Ind. at 234–235, 171 N.E.2d at 698. Here, the defendant did not satisfy the requirements of the fourth paragraph of Ind.R.Cr.P. 12, which provides an exception to the general deadline and which states in pertinent part:

"Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence * * *."

While defendant's application was verified and did allege newly discovered bias, it did not disclose when or how the alleged bias was first discovered, the facts warranting a change, or showing why such cause was not discovered earlier. This Court has previously recognized that a trial court may properly deny such an application where it contains none of the required allegations. *Meyers v. State*, (1977) Ind., 364 N.E.2d 760.

Additionally, Defendant recognizes that the trial court's ruling on a motion for change of judge will be set aside only for abuse of discretion. Ind.R.Cr.P. 12; *Cade v. State*, (1976) 264 Ind. 569, 348 N.E.2d 394. Defendant urges, however, that the trial court did, in fact, abuse its discretion. To support this, the defendant argues that the evidence at the hearing supported his motion and, therefore, that he was entitled to a change of judge.

Contrary to Defendant's contention, the record of the hearing shows that the defendant could not relate any specific allegations of prejudice or bias. His chief complaints were that his co-defendant's bond was lower than his own and that he did not believe he could get a "just sentence" if found guilty.

It has been stated: "It is incumbent upon the Appellant to show a clear abuse of discretion by the trial court." *Cade, supra*, 264 Ind. at 575, 348 N.E.2d at 399. The defendant has failed to show such abuse.

## ISSUE II

The defendant, who was tried with his co-defendant, Larry Ingram, next argues that the trial court erred in failing to grant his motion for a separate trial. This allegation is premised upon an oral statement given by Ingram to the police and repeated by the investigating officer at trial.

Defendant first alludes to a violation of the pronouncement made by the United States Supreme Court in *Bruton v. United States*, (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. In *Bruton*, the Court held that in a joint trial the admission of the non-testifying defendant's extra-judicial statements violates the co-defendant's Sixth Amendment right to confront witnesses. In this case, however, Ingram took the stand in his own defense and was available for cross-examination. Thus, the admission of Ingram's out-of-court statement was not improper and the defendant was not denied his right to confrontation. *Gutierrez v. State*, (1979) Ind., 386 N.E.2d 1207; *Tippitt v. State*, (1977) 266 Ind. 517, 364 N.E.2d 763; *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188. There was no *Bruton* violation here.

Defendant also claims he should have been granted a separate trial because parts of Ingram's prior statement "solidified the case against him." Additionally, the defendant asserts that the trial court

abused its discretion when it refused to grant his motion because the defense presented by Ingram and testimony given by him apparently was detrimental to the defendant. The defendant, however, has no right to be protected from damaging evidence. *Frith v. State*, (1975) 263 Ind. 100, 325 N.E.2d 186. Further, the decision to grant a separate trial is within the sound discretion of the trial court and is reviewable only for abuse of that discretion. *Tewell v. State*, (1976) 264 Ind. 88, 339 N.E.2d 792. Here, the defendant has not established such abuse.

### ISSUE III

■ Defendant next contends the trial court erred when it elected to sentence him to life imprisonment upon the charge of inflicting injury in the commission of a robbery. Rather, he asserts that he should have been sentenced to ten (10) years upon the count of committing a felony (robbery) while armed.

Defendant recognizes that this Court addressed a similar issue in *Thomas v. State*, (1976) 264 Ind. 581, 348 N.E.2d 4. In *Thomas* the appellant was convicted of attempted commission of a felony (robbery) while armed and of inflicting physical injury while attempting to commit robbery. He was sentenced to twenty (20) years for the attempted armed robbery and to life imprisonment for the infliction of injury. On appeal we held that, pursuant to Ind.Code § 35–4.1–4–6(d) (Burns § 35–8–1A–6(d) 1975),[1] the conviction and sentence for attempted armed robbery was to be set aside. The Court, however, upheld the life sentence.

Defendant acknowledges that the Court has reviewed this issue in prior cases and has held against his position. Nevertheless, he asks the Court to "reconsider its position," based upon the following:

"1. The case at bar, is not of such aggravated nature as to warrant this harsh sentence.

2. The State should not be allowed to charge both crimes, but should be made to choose one crime. This violates the defendant's right to 'due process.' *U.S. Constitution, Amendments 5 and 14.*

3. The Trial Court is given to (sic) wide a latitude in sentencing in this situation with no legal guidelines for deciding the sentence."

These arguments, however, are not supported by any authority and, in our opinion, are outweighed by contra-considerations.

### ISSUE IV

■ Defendant asserts that he was not properly identified as the person who committed the crimes charged, that the evidence was insufficient to prove the infliction of a physical injury, and that the "necessary criminal intent" was not proven. When called upon to review sufficiency questions, this Court will examine only the evidence most favorable to the State and all reasonable inferences to be drawn therefrom, in order to determine if there existed sufficient evidence of probative value to support the jury's verdict. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831. This Court will neither reweigh the evidence nor judge the credibility of the witnesses. *Robinson v. State*, (1977) 266 Ind. 604, 365 N.E.2d 1218.

■ The record reflects that State's witnesses Smith, Concannon, and Hamilton all identified the man seated to the left of the deputy prosecutor as the one who carried the shotgun and who injured Smith. Apparently, although it is not entirely clear, the basis of the defendant's argument is that the record does not reflect who was seated to the prosecutor's left.

In *Lindsey v. State*, (1971) 257 Ind. 78, 272 N.E.2d 458, the record indicated that the witness, when asked if she saw the defendant in court, merely pointed. The Court noted that the defendant had cited no authority for his assertion that the record

---

1. The portion of the statute cited states: "If a defendant is charged with a greater offense and a lesser included offense in separate counts, upon a verdict or finding of guilty judgment and sentence may be entered against the defendant on only one (1) of such counts."

must reflect "that the defendant was pointed to in order to reflect a proper identification." Additionally, there was "abundant testimony" that the defendant was the assailant, and the defendant testified that he was with the victim on the date of the offense. Thus, the Court found that there was sufficient evidence that the defendant was the same person identified by the witness. 257 Ind. at 79–80, 272 N.E.2d at 459–460.

Here, as in *Lindsey*, the defendant has referred only to testimony which, standing alone, was probably insufficient, but he has ignored other probative and effective testimony that supplied the deficiency. In addition to the testimony of the three State's witnesses, an accomplice, who also testified for the State, referred to the defendant by name and testified to the defendant's participation in the crimes. It is recognized that a defendant may be identified by name. *Preston v. State*, (1972) 259 Ind. 353, 287 N.E.2d 347; *State v. Schroeppel*, (1959) 240 Ind. 185, 162 N.E.2d 683. Further, the defendant testified that he was present, carried a gun, and shot at Smith. There was, therefore, ample evidence to support the jury's finding that the defendant was the same person who committed the crimes.

█ There was also sufficient evidence that a physical injury was inflicted. Ind. Code § 35–13–4–6 (Burns 1975) does not require any particular degree of bodily harm but refers instead to "any wound or physical injury" inflicted in the commission of a robbery. At trial Donald Smith testified that he was injured when the defendant shot him. Shotgun pellets struck him in the left knee and the right arm and hand. He required hospital care, and he testified that the injury was still painful.

█ While discussing the criminal intent required in robbery and inflicting physical injury in the commission of a robbery, this Court has stated:

"Conviction for the crime of robbery, the felony underlying the Appellant's charge of commission of or attempt to commit a felony while armed, requires proof only of general criminal intent and

knowledge. *Gregory v. State*, (1973) 259 Ind. 652, 291 N.E.2d 67. Infliction of injury while engaged in the commission of a robbery or attempted robbery requires proof only of the intent and knowledge necessary to prove the crime of robbery. Ind.Code § 35–13–4–6 (Burns 1975)." *Roberts v. State*, (1977) 266 Ind. 72, 77, 360 N.E.2d 825, 828.

Here, the evidence showed that the defendant voluntarily accompanied his co-defendants, with knowledge that they intended to commit robbery. The defendant, while denying his actual participation in the robbery, testified that he was present, carried a gun, and fired a shot at Smith. It was said in *Coffer v. State*, (1958) 239 Ind. 22, 154 N.E.2d 371 that, "Criminal intent to commit a specific criminal act may be presumed from the voluntary commission of the act." In view of later cases, it may be more accurate to state that such intent may be *inferred* from the voluntary commission of the act. *See Sandstrom v. Montana*, (1979) —— U.S. ——, 99 S.Ct. 2450, 61 L.Ed.2d 39; *Jacks v. State*, (1979) Ind., 394 N.E.2d 166.

### ISSUE V

█ Defendant next challenges the constitutionality of the life sentence imposed upon him. He does not, however, make any specific constitutional reference but states that the sentence is "unjustifiably harsh." This Court has previously determined that the life sentence imposed for conviction of inflicting physical injury in the commission of a robbery is within constitutional limitations. *Lund v. State*, (1976) 264 Ind. 428, 345 N.E.2d 826; *Thomas v. State*, (1976) 264 Ind. 581, 348 N.E.2d 4.

Defendant continues that the sentence is erroneous because it is more severe than that received by his co-defendants. This contention is without merit. The record reveals that one co-defendant, Ingram, was found not guilty of inflicting injury in the commission of a robbery. That same charge was dismissed against co-defendant Mahaley as part of a plea agreement in

which he agreed to testify for the State. Consequently, the defendant was the only one sentenced upon that charge. In view of this, it is not difficult to understand why the defendant's sentence was more severe than that which was received by his co-defendants.

## ISSUE VI

 The record reflects that on February 2, 1976, the first day of his trial, the defendant made a motion to quash the information. The motion was overruled because, according to the trial court, it "should have been made prior to arraignment." Defendant contends that the court erred in denying the motion without a hearing and argues that it is "evident" that he wished to "raise the issue of 'former jeopardy'." Except as provided by statute, motions to dismiss an indictment or information must be made prior to arraignment and plea. Ind.Code § 35–3.1–1–4(b) (Burns 1975). Motions grounded upon previous prosecutions are among such exceptions. Here, however, the record reflects only that a motion was made and overruled. The motion is not in the record and there is nothing to support the defendant's contention that it was predicated upon a claim of "former jeopardy." We cannot consider an allegation of error when there is nothing in the record to support it. *Schuman v. State*, (1976) 265 Ind. 586, 593, 357 N.E.2d 895, 899.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.