**Rawleith CRENSHAW, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1281S342.**

Supreme Court of Indiana.

Sept. 14, 1982.

Robert L. DeLoney, Gary, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Robbery. It was alleged an injury was inflicted on the victim during the course of the robbery. Appellant was charged in another information filed later with Attempted Murder. This charge grew out of the same incident. He was tried along with a co-defendant and was found guilty by a jury of both crimes. He was sentenced to concurrent terms of imprisonment of fifty (50) years for each conviction.

In the early morning hours of November 15, 1980, appellant and some companions went to the Galaxy Lounge in Gary, Indiana. After two of his companions left, appellant and two others remained until closing time. Appellant had entered another room of the lounge, and when an employee went into that room to prepare for clos-

ing, appellant emerged from a hiding place and without warning or provocation shot the employee in the chest. Appellant then emerged from this room and confronted a co-owner of the lounge, whom he shot three times. He then grabbed this co-owner by the collar and forced him over to the cash register which was opened for him. He took the cash inside. Shortly thereafter the co-owner, despite his wounds, managed to gain access to a carbine he had hidden on the premises. A gun battle between him and the robbers took place, resulting in appellant suffering a wound to the arm. Appellant and one of his companions, his co-defendant, were arrested the next day.

Appellant first claims the trial court erred in denying his Motion for Severance. This motion was filed and denied after appellant discovered the co-defendant intended to interpose an alibi defense for himself. Appellant also suspected if the co-defendant took the witness stand to substantiate the alibi defense with his own testimony, the State would use a prior statement of the co-defendant for impeachment purposes. The statement differed in some particulars that would make it inconsistent with the alibi story he intended to tell. Appellant claimed the statement contained damaging evidence against him. He concludes in light of the fact this is exactly what occurred, he was prejudiced by denial of the motion and should have been granted a separate trial.

■ The decision whether or not to grant a separate trial to co-defendants lies within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Chandler v. State*, (1982) Ind., 419 N.E.2d 142; *Gutierrez v. State*, (1979) Ind., 386 N.E.2d 1207. Further, such abuse of discretion must be premised on what actually occurred at trial, not speculation on what might have occurred had the course of the testimony taken a different turn or on conclusions unsupported by evidence from the record. *Id.*

In recognition of the hazards of joint trials our legislature has provided for resolution of the problem in I.C. § 35–3.1–1–11

[Burns 1979 Repl.], which reads in pertinent part as follows:

" * * *

"(b) Whenever two [2] or more defendants have been joined for trial in the same indictment or information and one [1] or more defendants move for a separate trial because another defendant has made an out-of-court statement which makes reference to the moving defendant but *is not admissible as evidence against him*, the court shall require the prosecutor to elect either:

(1) A joint trial at which the statement is not admitted into evidence;

(2) A joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted: or

(3) Granting the moving defendant a separate trial." (Emphasis added.)

■ In the case at bar the co-defendant who made the extrajudicial statement took the witness stand in his own defense. By so doing he was subjected to cross-examination by appellant as to the statement's contents. In terms of the statutory language of I.C. § 35–3.1–1–11; the extrajudicial statement was "admissible as evidence against him....," due to the presence of the declarant on the witness stand and his availability for cross-examination. Therefore appellant was not entitled under the statute to any one of the three options called for upon motion for a separate trial. This Court has held no prejudice is shown to a defendant when his motion for separate trial was denied, when the co-defendant/declarant of an extrajudicial statement implicating the defendant elected to take the witness stand and thus could be cross-examined. *McChristian v. State*, (1979) Ind., 396 N.E.2d 356; *Gutierrez, supra; Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188. We hold there was no error in denying appellant's Motion for Severance.

Appellant claims the trial court erred in permitting witness Donald Griffin, a customer present at the lounge when the crime took place, to testify. Appellant had twice subpoenaed Griffin for deposition prior to

trial but Griffin had not responded. Then at trial appellant objected to the State's attempt to call Griffin to the witness stand due to his inability to have interviewed Griffin by deposition or otherwise prior to trial. The trial judge responded by calling for noon recess at that point. Appellant deposed Griffin during that recess. When court reconvened, appellant's attorney stated: "[T]here was not anything said by Mr. Griffin in his deposition that I would benefit from in terms of any continued investigation.... [W]e still do not want Mr. Griffin to testify, if the Court gives us a choice between a continuance or proceeding, we will proceed at this time."

■ Sanctions for violations of discovery orders are discretionary with the trial court. We will reverse only where such discretion is abused. A continuance is the proper remedy unless the State's action is so misleading or demonstrates such bad faith that the only way to protect the defendant's fair trial rights is to exclude the testimony. *Chandler, supra; O'Conner v. State*, (1980) Ind., 399 N.E.2d 364; *Reid v. State*, (1978) 267 Ind. 555, 372 N.E.2d 1149.

■ In the case at bar there is no evidence the State was responsible for the witness's failure to appear for deposition. Moreover, appellant's counsel declined to ask for a continuance, stating such remedy would be of no help to him. Given this state of facts, we are left with the conclusion appellant's only basis for objection to the admission of the witness's testimony is that it was damaging to appellant. There is, of course, no right to be protected from evidence merely because it is damaging. *Taggart v. State*, (1979) Ind., 390 N.E.2d 657; *Frith v. State*, (1975) 263 Ind. 100, 325 N.E.2d 186. We, therefore, hold there was no abuse of discretion in permitting witness Griffin to testify.

■ Appellant claims the trial court erred in enhancing the sentence meted out with an additional term of twenty years due to the presence of aggravating circumstances. He claims the trial court's enhancement of the sentence is improper because at the sentencing hearing the stated factor relied on to enhance was that there was injury inflicted on the victim during the course of the robbery. The trial judge reiterated this factor in his *nunc pro tunc* entry stating, "The Defendant willfully shot in a robbery two victims causing bodily injury to both."

Appellant claims because under I.C. § 35–42–5–1 [Burns 1979 Repl.] a robbery resulting in injury is automatically upgraded to a Class A felony, it is improper to use that same factor as an aggravating circumstance to further enhance the sentence. The same argument, though less completely developed, is raised with respect to the attempted murder conviction; that is, that a sentence enhanced by use of a factor that is one of the statutory elements of the crime is "redundant and cruel and unusual punishment."

Appellant errs in this contention. We have held adversely to his position in the past. In *McNew v. State*, (1979) Ind., 391 N.E.2d 607, we held the fact a robbery resulted in serious bodily injury could be used to enhance the sentence on a conviction for robbery, despite the fact under the robbery statute the crime was upgraded to a Class A felony because injury resulted from the commission of the crime. *See also, Warfield v. State*, (1981) Ind., 417 N.E.2d 304 (sentence enhanced because robber was armed). We hold the trial court did not err in enhancing the sentence on either the robbery or the attempted murder conviction.

The trial court is in all things affirmed.

All Justices concur.