Larry Neil ALLEN,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 45A03–8910–CR–438.

Court of Appeals of Indiana,
Third District.

Oct. 31, 1990.

Nathanial Ruff, Appellate Public Defender, Crown Point, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Larry Allen was found guilty of murder on April 18, 1989 after an eight-day jury trial featuring "voluminous" physical evidence, and over forty witnesses. Allen and his two co-defendants, Brian Houchin and Joseph Hallock, were tried jointly over Allen's and Hallock's motion for separate trial. All three were found guilty of murder. Houchin shot and killed a bank teller while the three co-defendants performed an armed bank robbery. Houchin testified in his own defense after the State of Indiana rested.

Stan Muncie testified for the State that on some occasions prior to the robbery Allen's and Hallock's co-defendant Houchin asked Muncie to lend or sell him a certain handgun to use in a robbery Allen and Hallock had planned or were planning. This testimony was admitted as a statement made in furtherance of a conspiracy, over Allen's and Hallock's objection that it contained hearsay. The gun referred to in the conversations was not used in the robbery.

FBI agent Graessle testified at a mid-trial suppression hearing outside the presence of the jury about interviews between law enforcement officers and Allen and Hallock before Allen and Hallock were arrested. Between the interviews and arrests, Graessle spoke by phone with another officer, who advised Graessle that Houchin had admitted his involvement in the robbery and implicated Allen and Hallock. Graessle related this development to Allen and Hallock while placing them under arrest. At the hearing, Graessle repeated what he learned Houchin had said so the court could determine what influence led Hallock to make certain incriminating remarks after being arrested and given *Miranda* warnings but without the benefit of an adult guardian's presence. Hallock's remarks were suppressed.

Houchin gave a statement at a Hammond, Indiana police station on October 21, 1988. In his statement he admitted his own involvement and implicated Allen and Hallock. A redacted version of this statement was read in front of the jury. The

redacted statement did not refer to Allen and Hallock, but used the word "we" once.

Houchin testified in his own defense and was cross-examined by the State and by counsel for Allen and Hallock. Houchin's testimony touched on Allen's and Hallock's role in planning and executing the robbery and on Houchin's conversation with Muncie referring to Allen and Hallock that Muncie had earlier testified about. Houchin testified in detail about preparing for the robbery and carrying it out with Allen and Hallock.

While Houchin was on the stand, the trial court found, after a hearing outside the presence of the jury, that Houchin's entire unredacted statement to Hammond, Indiana police officers was admissible despite *Bruton v. United States* (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 and overruled Allen's and Hallock's renewed motions for separate trials. The statement was read to the jury while Houchin was still on the witness stand.

### Issues Presented

Allen and the State frame the issues presented for appeal differently, but these questions capture their contentions:

I. Was it reversible error for the trial court to admit, over objection, Stan Muncie's testimony that Houchin asked him for a gun to use in a robbery involving Allen and Hallock, when Houchin later took the witness stand and was cross-examined about his statement to Muncie?

II. Did reversible error arise out of a mid-trial suppression hearing because FBI agent Graessle recited assertions Houchin made to another law enforcement officer, when Graessle's testimony was used only to evaluate the admissibility of incriminating remarks Hallock made in response and Graessle's testimony was not used to establish the truth of Houchin's assertions to the other officer?

III. Did the introduction of Houchin's statements to Muncie and to police officers implicating Allen and Hallock violate the doctrine of *Bruton v. Unit-*

*ed States* (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476

IV. Was it reversible error for the trial court to deny Allen's and Hallock's motions for separate trials given Houchin's statements to Muncie and police officers in light of IC 35-34-1-11(b) (1981)?

We find no reversible error on any of these grounds and affirm Allen's conviction.

### I. Muncie's testimony concerning Houchin's remarks about Allen and Hallock.

■ "Extrajudicial statements of witnesses who testify and are subject to cross-examination are admissible as substantive evidence. [citation omitted]." *Wolfe v. State* (1987), Ind., 512 N.E.2d 185, 187. "The hearsay rule has many exceptions, the most basic of which is that a prior extrajudicial statement is admissible as substantive evidence when the declarant is a witness who testifies and is available for cross-examination." *Brady v. State* (1989), Ind.App., 540 N.E.2d 59, 68, citing *Wolfe v. State, supra.* "It is not required that the declarant testify prior to admission of his hearsay statement provided he is made available for cross-examination *at some point during trial.*" (Emphasis added) *Brady, supra,* citing *Stamps v. State* (1987), Ind., 515 N.E.2d 507, 510, *rehearing denied* (1988). In *Stamps,* our supreme court referred to five additional cases decided by it in which it "found no violation of *Patterson* where the declarant later testifies regarding the same matter after his out-of-court statement has been proved. [citations omitted]." *Stamps v. State, supra,* referring to *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482.

Although in *Patterson* the out-of-court asserters were upon the witness stand at the time their out-of-court assertions were offered and admitted into evidence, more recent cases have admitted out-of-court assertions made before the declarant took the stand. In *McChristian v. State* (1979), 272 Ind. 57, 60, 396 N.E.2d 356, 358, our supreme court found no violation of *Bruton v. United States* (1968), 391 U.S. 123, 88

S.Ct. 1620, 20 L.Ed.2d 476 nor denial of the defendant's right of confrontation. There a co-defendant's out-of-court statement to an investigating officer was properly admitted during the officer's testimony when the co-defendant took the stand in his own defense and was available for cross-examination. *See also Ferrier v. State* (1987), Ind., 514 N.E.2d 285, 287. These cases justify admitting Houchin's remarks to Muncie and police officers.

We need not consider whether the State established a conspiracy to justify admitting Muncie's testimony of Houchin's remarks about Allen and Hallock because Houchin took the stand and was subjected to cross-examination. *See Montgomery v. State* (1982), Ind.App., 439 N.E.2d 646, 647–48.

## II. Testimony during the suppression hearing.

▮ Allen suggests in his appellate brief that Graessle's testimony included hearsay improperly admitted on the basis of a hearsay exception. Because Houchin's remarks were not repeated by Graessle in front of the trial court for the purpose of proving the truth of what Houchin asserted, they were not hearsay. *See Williams v. State* (1989), Ind., 544 N.E.2d 161, 162, *rehearing denied* (1989); *Estate of Ballard v. Ballard* (1982), Ind.App., 434 N.E.2d 136, 139. Moreover, the remarks were not revealed to the jury. There was no error.

## III. Houchin's extrajudicial statements and the *Bruton* doctrine.

▮ In *Bruton v. United States* (1968), 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 the United States Supreme Court "held that introduction of extra-judicial statements of a co-defendant at a joint trial denied the defendant an opportunity to cross-examine the co-defendant as to his statement and thereby deprived him of his right to confront a witness against him." *Ortiz v. State* (1976), 265 Ind. 549, 557, 356 N.E.2d 1188, 1193.

In *Ortiz* our supreme court expressed its belief that introduction of a co-defendant's statement, when the co-defendant testified and was available for cross-examination by the defendant implicated in his statement, did not deprive the implicated defendant of his rights under the Confrontation Clause of the sixth amendment. *Id.* at 265 Ind. 558, 356 N.E.2d 1194, following *Nelson v. O'Neil* (1971), 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222. *See also McChristian v. State* (1979), 272 Ind. 57, 60, 396 N.E.2d 356, 358. The statements were properly admitted.

## IV. Separate and joint trials under IC 35–34–1–11 (1981).

▮ IC 35–34–1–11(b) provides:

(b) Whenever two [2] or more defendants have been joined for trial in the same indictment or information and one or more defendants move for a separate trial because another defendant has made an out-of-court statement which makes reference to the moving defendant but is not admissible as evidence against him, the court shall require the prosecutor to elect:

(1) A joint trial at which the statement is not admitted into evidence;

(2) A joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted; or

(3) A separate trial for the moving defendant.

In all other cases, upon motion of the defendant or the prosecutor, the court shall order a separate trial of defendants whenever the court determines that a separate trial is necessary to protect a defendant's right to a speedy trial or is appropriate to promote a fair determination of the guilt or innocence of a defendant.

This section is virtually the same as that contained in IC 35–3.1–1–11 [repealed] which was construed by our supreme court in *Crenshaw v. State* (1982), Ind., 439 N.E.2d 620, 622. In *Crenshaw* the court determined that the contemplated mandatory election which the section provides is triggered *only* when the co-defendant's out-of-court statement is not admissible against the moving defendant. There, as

here, the statement was admissible under the *Patterson* exception. Granting severance was therefore a matter committed to the court's discretion and Allen has failed to demonstrate an abuse of that discretion.

Affirmed.

HOFFMAN, P.J., and STATON, J., concur.