JACKSON v. THE STATE.

This Court does not judicially know that wine is not intoxicating, and will not question the right of the Legislature to declare it to be intoxicating.

In all prosecutions for crime, the proof must be so certain as clearly to establish the jurisdiction of the Court.

APPEAL from the *Grant* Circuit Court.

HANNA, J.—Indictment, at the August term, 1861, for " retailing a quantity of intoxicating liquor less than a quart, to-wit: one gill of wine, for five cents," etc.

Motion to quash overruled. It is argued, that wine is not here alleged to be, nor is it, in fact, an intoxicating liquor. The prosecution is under the statute of March 5, 1859, the second section of which declares, that " intoxicating liquors," as used in said act, shall apply to any spirituous, vinous, or malt liquor, etc.

But, it is urged, that the Legislature has no power to thus declare that to be intoxicating which is not so—and that wine is not so. We do not judicially know that fact. This does not, therefore, present a case, where we can consider the power of the Legislature in the matter indicated. The motion to quash was correctly overruled.

The sale was charged to have been made, to one *John D. Timmony*, on the 20th day of May, 1861. The record shows, that " the State, to prove the issue on her part, offered *John D. Timmony*, who testified as follows: ' I bought a gill of sweet wine, of the defendant, for five cents, at *Grant* county, about the time charged in the indictment.' " This was all the evidence. Was it sufficient? It is said that it does not fix the time or place of sale; that the time can not be thus fixed, by reference to the indictment; and the State in which the offence was committed is not named.

The objection, that the evidence does not show that the

sale was within the jurisdiction of the Court, seems to us is well taken. The evidence given would have as fully established the sale in any State, where there is a *Grant* county, as in this State. It is not the kind of certainty that should be required for the conviction of crimes and misdemeanors.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*N. W. Gordon* and *H. D. Thompson,* for the appellant.