SOUTHERN RAILWAY COMPANY OF INDIANA ET AL.
*v.* INGLE

[No. 28,084. Filed April 4, 1945.]

*Darby & Fitzgerald,* of Evanville, *Ora A. Davis,* of Boonville, and *S. R. Prince* and *H. G. Hedrick,* both of Washington, D. C., for appellants.

*Edgar Durre* and *Vincent A. Jahn,* both of Evansville, and *Leslie H. Hendrickson,* of Boonville, for appellee.

STARR, J.—This was a suit brought by the appellee against the appellants to recover damages for the death of Gaylord W. Ingle, resulting from a fatal accident which occurred when a truck driven by the decedent collided with a locomotive hauling a freight train across a grade crossing where the appellants' tracks intersect state highway No. 66 just west of the town of Troy, Indiana. The cause was tried by a jury, which trial resulted in a verdict for the appellee against the appellants. Judgment was duly rendered on the verdict against the appellants and in favor of the appellee.

In view of the conclusion we have reached it is only necessary to consider the sixth specification of appellants' assignments of error, which specification is that the court erred in overruling appellants' motion for new trial.

In their motion for new trial, the appellants, as their tenth ground therefor, contend that the court erred in overruling the defendants' objection to the introduction and reading in evidence of the deposition of one Leonard Richardson, a witness on behalf of the plaintiff, which deposition, over the defendants' objection, was read in evidence by plaintiff as part of her case in chief.

This deposition discloses that it was taken at the courthouse at Evansville, Indiana, pursuant to notice served upon the defendants by the plaintiff, and that it was not taken by agreement of the parties or by order of the court trying the case. The deposition on its face discloses that the said Leonard Richardson at the time it was taken resided at 206 Court Street, in the city of Evansville. This court takes judicial notice that Evansville is in Vanderburgh County, which adjoins the county in which the trial was held. *Huffman* v. *State* (1915), 183 Ind. 698, 109 N.E. 401, 109 N.E. 748.

No statutory reason was shown in the deposition itself for the taking thereof, nor was it shown at the time of its offer that any statutory ground existed authorizing the introduction of the same in evidence.

At the time that the plaintiff offered to read the said deposition in evidence at the trial of this cause the defendants objected and asked leave to make proof concerning the whereabouts of the said witness, which leave was granted, and thereupon the defendants produced a witness who, out of the presence of the jury, testified in substance that he had seen the said Richardson on the Friday previous to the beginning of the trial at Princeton, which is located in a county adjoining Warrick; that he had talked to the said witness, who informed him that he was at Princeton to see an official of the Southern Railway, and that he intended to return to Evansville when he had finished said mission. When the witness had concluded his testimony the court overruled the defendants' objection, and said deposition was thereupon read in evidence.

Depositions are authorized to be taken by statutory authority by either party, in vacation or term time, at any time after service of summons, without an order of court therefor, § 2-1506, Burns' 1933, which further specifically provides as follows:

"They may be used in the trial of all issues, in any action, in the following cases:

"First. Where the witness does not reside in the county, or in a county adjoining the one, in which the trial is to be held, or is absent from the state."

There are four other grounds set out in said section of the statute where a deposition may be used, but there is no contention in this case that any of these other grounds existed.

"When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that the cause for taking and reading it still exists." § 2-1515, Burns' 1933.

At the time that defendants objected to the reading of said deposition, counsel for plaintiff produced a subpoena for the said Leonard Richardson, among other witnesses, showing that it had been issued and returned not found as to the said Leonard Richardson. This subpoena was later introduced in evidence by the plaintiff, and was all of the evidence offered or received by the court in attempting to show that any cause for the reading of said deposition existed at the time that the same was introduced in evidence.

The question here involved was raised in the case of *O'Connor* v. *O'Connor* (1866), 27 Ind. 69, where the deposition disclosed that the deponent resided at Indianapolis, while the trial was in the adjoining county of Hendricks. A subpoena was issued to the sheriff of Marion County, and returned not found. In addition to what was shown in the present case, there was some

evidence in that case that an attempt had been made to ascertain the whereabouts and residence of the witness, but the witness who made the inquiry did not state that it had been sufficiently thorough to satisfy his own mind that the witness was not still a resident of Marion County, or that he was absent from the state. The trial court permitted the deposition to be read in evidence over objection. In reversing said case this court said:

> "Our statute provides that a deposition may be used on the trial of a cause where the person whose evidence is offered 'does not reside in the county, or in a county adjoining the one in which the trial is to be held, or is absent from the State.' The return of not found to the subpoena was not sufficient to establish the fact that the witness did not reside in a county adjoining *Hendricks*. How diligently the inquiry had been prosecuted for the discovery of the person whose deposition had been taken, does not appear. The witness who made the inquiry does not state that it had been sufficiently thorough to satisfy his own mind that *Thompson* was not still a resident of *Marion* County, or that he was then absent from the state. The evidence did not authorize the court to permit the deposition to be read on the trial. As this deposition contained the only proof of the speaking of the slanderous words charged, or any part or set of them, the judgment must be reversed."

See also *Haun* v. *Wilson* (1867), 28 Ind. 296; *The Indianapolis & St. Louis R. Co.* v. *Stout, Admr.* (1876), 53 Ind. 143.

Appellee, in defense of the court's ruling on the introduction of this deposition, relies upon the case of *The Louisville, New Albany & Chicago Ry. Co.* v. *Hubbard* (1888), 116 Ind. 193, 18 N. E. 611. That case is distinguishable from the one at bar in that the deposition there introduced showed on its face the ground for its taking, namely, that the witness resided in a county

which was not adjoining the county where the trial was being held.

Since the deposition of the witness, Leonard Richardson, was necessary to establish negligence on the part of the defendants and contained the only proof of defendants' knowledge of decedent's peril, necessary to maintain the plaintiff's theory of last clear chance, .its use was prejudicial to the defendants.

The judgment is reversed, and the cause remanded for a new trial.

NOTE.—Reported in 60 N. E. (2d) 135.