ALBERT THOMAS LINDSEY, ALIAS DICKIE PEPPER *v.* STATE OF INDIANA.

[No. 370S67. Filed August 30, 1971.]

*James A. Connor, Robert V. Bridwell,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Lon D. Showley,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of Rape under 1956 Repl. Burns Ind. Stat. Ann. § 10-4201 (Acts of 1941, Ch. 148, § 3) and was sentenced to the Indiana State Reformatory for a term of from two (2) to twenty-one (21) years.

Error assigned challenges the sufficiency of the evidence in that: (1) Prosecuting witness, a sixteen year old girl, was not qualified by the State as to competency; (2) Defendant was not properly identified as being the person who was alleged to have committed the crime charged; (3) The State failed to prove venue, in that it was not proved that the offense occurred in the State of Indiana; and (4) The State failed to prove that the offense did in fact occur, inasmuch as the prosecuting witness described the act between her and Defendant as "intercourse" rather than as "sexual intercourse: and as "penetration" rather than as "penetration of her female sex organ by Defendant's male sex organ."

(1) We are aware of no principle that requires a party to taken any special steps with reference to qualifying a sixteen year old witness to testify, and Appellant has cited no authority in support of such a principle.

(2) During the interrogation of the prosecuting witness, she was asked if she met the defendant on the date of the offense, and she replied that she did. She was then asked if she then saw him in court; and she replied that she did. Thereupon, she was asked to point him out. The record discloses merely that "the witness pointed." It does not specify the person to whom she pointed. Again the defendant has cited no authority supporting his contention that the record must show that the defendant was pointed to in order to reflect a proper identification. There was abundant testimony that the assailant was Albert Thomas Lindsey. Albert Thomas Lindsey was

present in court at the trial and in fact testified that he was with the prosecuting witness on the day of the offense. There was evidence of probative value that he was the same person charged with the offense.

"In reviewing the allegations of insufficient evidence, this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the *reasonable inferences* therefrom which support the verdict of the jury." (Emphasis ours). *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed, if from that viewpoint there is evidence of probative value from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gann* v. *State, supra; Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

(3) The testimony of the prosecuting witnes set the locus of the offense as being in Marion County but did not specify that it was within the State of Indiana. We take judicial notice that Marion County is in the State of Indiana, just as we have previously taken judicial notice that Evansville is in Vanderburgh County; *Southern Ry. Co. of Indiana, et al.* v. *Ingle* (1945), 223 Ind. 271, 60 N. E. 2d 135; that New Albany is in Floyd County, *Luck* v. *State* (1884), 96 Ind. 16; and that North Madison, Jefferson County, is in Indiana, *Wiles* v. *State* (1870), 33 Ind. 206. It is also to be noted that the question of venue is raised here, as in the case of *Jackson* v. *State* (1862), 19 Ind. 312, upon the sufficiency of the evidence, where every reasonable intendment should be made in favor of the finding below. *Gann* v. *State, (supra)* ; *Asher* v. *State, (supra)*.

(4) Defendant cites Blacks Law Dictionary defining "intercourse" as "communication: literally, a running or passing between persons or places; commerce. As applied to two persons, the word standing alone, and without a descriptive or qualifying word, does not import sexual intercourse connec-

tion." And further defines sexual intercourse as: "Carnal copulation of male and female, implying actual penetration of the organs of the latter." We find no fault with these definitions, but must point out that the prosecuting witness' use of the terms "intercourse" and "penetration" are not to be isolated but must be interpreted in view of all the circumstances surrounding her testimony; and in view of her other testimony, the inference to be drawn from her use of the word "intercourse" was "sexual intercourse"; and the inference to be drawn from the use of the term "penetration" was that his male sex organ penetrated her female sex organ.

We find no error, and the judgment of the trial court is affirmed.

Arterburn, C.J., Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 458.