PERCY M. LACY, JR. *v.* STATE OF INDIANA

[No. 2-1076A388. Filed May 17, 1978.]

*Ross McMahan*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Kenneth R. Stamm*, Deputy Attorney General, for appellee.

SULLIVAN, J.—Lacy appeals his jury conviction of rape[1] and robbery.[2] The State's brief falls short of meeting Lacy's arguments. This court extended more than one opportunity for the State to correct the deficiencies. On March 4, 1977 the State filed a "Verified Petition to Amend Brief". That Petition was granted and the State was authorized to file its amended brief on or before April 4, 1977. The State failed to file an amended brief as permitted.

---

1. IC 35-13-4-3 (Burns Code Ed. 1975).

2. IC 35-13-4-6 (Burns Code Ed. 1975).

Nevertheless, we are obligated to critically examine the substantive issues advanced by the appellant without the assistance of adversary appellate analysis. *Myers v. State* (1954) 233 Ind. 66, 116 N.E.2d 839.

Two issues are presented:[3]

(1) whether the convictions are supported by sufficient evidence and

(2) whether the trial court abused its discretion in refusing defense counsel's motion to withdraw from the case.

We affirm.

I.

The victim testified that Lacy "inserted his penis in my vagina against my will." Lacy contends that the failure of the State to show that the victim understood the biological implications of these words renders the evidence insufficient to sustain his conviction of rape.

This contention is wholly speculative. There is no inference which can be drawn from the record to indicate that the victim did not understand and appreciate the meaning and import of her words. The evidence is sufficient to support the conviction despite Lacy's assertion that the victim's testimony was "conclusory." See *Manns v. State* (1973), 260 Ind. 680, 299 N.E.2d 824; *Sears v. State* (1972), 258 Ind. 561, 282 N.E.2d 807; *Lindsey v. State* (1971), 257 Ind. 78, 272 N.E.2d 458.

The victim further testified that prior to the rape, Lacy forced her to the ground and took money from her pocket. Lacy then went through the victim's purse and, apparently finding nothing of value, placed both the original contents and the money taken from the victim's person into the purse.

Lacy claims that though he "may have removed the items alleged to have been taken . . . they were returned and the intended offense of

---

3. Lacy's assertion of error in the denial of his Motion for Judgment on the Evidence was waived when he presented evidence in his own behalf. *Miller v. State* (1978), 267 Ind. 635, 372 N.E.2d 1168, 1171.

robbery was abandoned." (Appellant's Brief, p. 32). However, the robbery was completed when Lacy took the money from the victim's person by putting her in fear. The subsequent disposition of the property is not relevant. *Neal v. State* (1938), 214 Ind. 328, 14 N.E.2d 590.

## II.

Before the State rested, defense counsel sought to withdraw from the case because of Lacy's dissatisfaction with his representation. Lacy was unhappy with his attorney's failure to cross-examine one witness regarding a pre-trial identification line-up. The trial court denied the motion, noting that withdrawal at such a late time would require the grant of a mistrial.

There is no allegation that defense counsel was ineffective or that there was a breakdown in communication between attorney and client. Further, the trial court offered Lacy an opportunity to participate in the conduct of his defense by calling and examining witnesses or by asking any "omitted" questions himself. Under these circumstances, we hold that the trial court properly exercised its discretion in denying defense counsel's motion to withdraw. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811; *Beck v. State* (1974), 261 Ind. 616, 308 N.E.2d 697.

The judgment is affirmed.

Hoffman, J. (participating by designation) concurs, and

Buchanan, C.J. Concurs in result.

NOTE — Reported at 375 N.E.2d 1133.