STATE of Minnesota, Respondent,

v.

Daniel M. STEINBRINK, Appellant.

No. 50774.

Supreme Court of Minnesota.

Sept. 5, 1980.

**292**

C. Paul Jones, Public Defender and Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Kenneth W. Saffold, Sp. Asst. Attys. Gen., St. Paul, Daniel A. Birkholz, County Atty., St. James, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of charges of criminal sexual conduct in the third degree, Minn. Stat. § 609.344(b) (1978) (sexual penetration of a complainant at least 13 but less than 16 years old by an actor more than 24 months older and not in a position of authority over the complainant) (amended 1979), and criminal sexual conduct in the fourth degree, Minn. Stat. § 609.345(b) (1978) (sexual contact with a complainant at least 13 but less than 16 years old by an actor who is more than 48 months older than complainant) (amended 1979). The offenses occurred on different days and therefore were not part of the same behavioral incident. The trial court sentenced defendant to prison terms of 10 years and 5 years, allowed execution of sentence for the less serious offense, but stayed execution of the longer term and placed defendant on probation for it. On this appeal from judgment of conviction, defendant challenges the legal sufficiency of the evidence of his guilt of the two offenses. We affirm.

1. With respect to the more serious offense, defendant contends that the evidence failed to establish penetration because the complainant, age 15, while testifying that "sexual intercourse" occurred, was not asked to explain what she meant by "sexual intercourse."

The general view is that "proof of penetration need not be in any particular

form of words," 75 C.J.S. *Rape* § 71 (1952), and there are many cases saying that testimony by a complainant that the accused had "sexual intercourse" or "intercourse" with her or "raped" her is sufficient, if believed, to establish penetration. *See, e.g., Lindsey v. State,* 257 Ind. 78, 272 N.E.2d 458 (1971) (16–year–old complainant's use of terms such as "intercourse" interpreted in context of case to mean sexual intercourse involving defendant's male sex organ penetrating complainant's female sex organ). Numerous such cases are collected in Annot., 76 A.L.R.3d 163, 213–39 (1977).

Of course, testimony such as this has to be considered not in the abstract but in the context of the particular case.[1] Our examination of the record in this case convinces us, as it did the jury, that complainant knew the meaning of the terms ("making love" and "sexual intercourse") which she used to describe the act of penetration by defendant.

2. With respect to the less serious offense, criminal sexual conduct in the fourth degree, Minn. Stat. § 609.345(b) (1978) (sexual contact with a complainant at least 13 but less than 16 years old by an actor who is more than 48 months older than the complainant) (amended 1979), defendant argues (a) that consent is a defense and that since the record shows there was consent his conviction should be reversed, and (b) that the evidence failed to establish "sexual contact."

(a) Whether consent, which clearly was present here, is a defense to the charge requires a careful examination of the statute, which reads as follows:

A person is guilty of criminal sexual conduct in the fourth degree and may be sentenced to imprisonment for not more than five years, if he engages in sexual contact with another person and if any of the following circumstances exists:

---

1. Even though corroboration is not a general requirement in prosecutions under §§ 609.342 to 609.346—*see* § 609.347, subd. 1—this court has stated that the absence of corroboration in an individual case might well call for a holding that the evidence was insufficient. *State v.*

*Ani,* 257 N.W.2d 699 (Minn.1977) (per curiam). Similarly, in an individual case testimony such as that in this case may not be held to be sufficient, depending on the circumstances involved.

(a) The complainant is under 13 years of age and the actor is no more than 36 months older than the complainant. Neither mistake as to the complainant's age or consent to the act by the complainant is a defense; or

(b) The complainant is at least 13 but less than 16 years of age and the actor is more than 48 months older than the complainant or in a position of authority over the complainant and uses this authority to coerce the complainant to submit. In any such case, it shall be an affirmative defense which must be proved by a preponderance of the evidence that the actor reasonably believes the complainant to be 16 years of age or older; or

(c) The actor uses force or coercion to accomplish the sexual contact; or

(d) The actor knows or has reason to know that the complainant is mentally defective, mentally incapacitated, or physically helpless. [Minn. Stat. § 609.-345 (1978) (amended 1979)].

Defendant points out that § 609.341, subd. 11, defines "sexual contact" as including certain specified acts committed without the complainant's consent "except in those cases where consent is not a defense." Defendant also points out that some of the sections of the statutes on criminal sexual conduct, covering acts to which consent traditionally has not been a defense—for example, §§ 609.342(a), (b), 609.343(a), (b), 609.344(a), (b) and 609.345(a)—specifically state that consent is not a defense. Defendant then points to the fact that § 609.-345(b) does not specifically state that consent is not a defense, and argues that this means the legislature intended consent to be a defense to a prosecution under that section of any adult accused of having sexual contact with a 13, 14 or 15–year–old child.

■ Defendant did not raise this issue in the trial court, but since it is clear that there was consent, it would seem that if defendant is correct about the statute, then his conviction was based on insufficient evidence of guilt and should not stand. However, we are satisfied for the following reasons that consent is not a defense to the charge:

(i) The corresponding subsections in §§ 609.342, 609.343, and 609.344 explicitly exclude mistake of age and consent as defenses. While the subsection with which we are concerned does not explicitly exclude consent as a defense, it does not state that it is a defense either, whereas it does state that mistake as to age is a defense. Further, mistake of age as a defense makes no sense at all if consent is a defense; mistake of age is a defense which had its genesis in other states in prosecutions for statutory rape, where consent was irrelevant, and it is a defense designed to alleviate, in certain situations, the harshness of the rule that consent is not a defense.

(ii) There are other provisions of the statute which rather obviously were intended to apply regardless of consent and yet they do not specifically state that consent is not a defense. Thus, it would seem that a person could be prosecuted under § 609.345(d) for having sexual contact with a mentally incapacitated person even though "consent" was given.

(iii) There would not be any need for subsection (b) of the statute if consent were a defense, because under the statute the opposite of consensual contact is nonconsensual contact, that is, contact requiring force or at least coercion. But contact requiring force or coercion, regardless of the age of the complainant, is already covered by subsection (c).

(iv) Traditionally, this type of behavior in Minnesota has been punishable regardless of whether there was consent. Thus, Act of May 17, 1967, ch. 507, § 7, 1967 Minn. Laws 1047, 1050 (repealed 1975), which was repealed by the statute establishing four degrees of criminal sexual conduct, prohibited indecent liberties with children under 16 and stated that consent was not a defense. This reflects the feeling of society in general that sexual contact by adults with children under 16 is reprehensible whether or not the child consents, because at that age, the child should be deemed incapable of giving consent.

**294**

(v) Finally, it is worth noting that the opinion of the Minnesota District Judges Association Committee on Criminal Jury Instruction Guides was that consent was immaterial and, accordingly, the model instruction states, "It is immaterial whether complainant consented." 10 *Minnesota Practice CRIMJIG* 12.16 (1977).

We conclude that consent is not a defense to the charge.

(b) The only other issue is whether the evidence of "sexual contact" was legally insufficient. We hold that it was sufficient.

Affirmed.