**Larry COATES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 18S00–8612–CR–1046.**

Supreme Court of Indiana.

Feb. 8, 1988.

Alan K. Wilson, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Attempted Burglary, a Class B felony. He received a sentence of fifteen (15) years.

On March 31, 1986, the home of Don Humbert of R.R. # 1, Alexandria, in Delaware County, was burglarized. Subsequently, Keith Corn, then fifteen years of age, and his uncle, appellant in this case, were arrested. At trial, Corn testified against appellant.

■ Appellant claims the State failed in its burden of proof, in that it failed to establish that the crime had been committed in the State of Indiana. The trial took place in Delaware County and the State's evidence showed that the residence burglarized was located at R.R. # 1, Alexandria, in Delaware County. This Court will take judicial knowledge that Delaware County is located in Indiana. Under the circumstances, it would be wholly illogical to reverse this case and place the citizens of Delaware County at the expense of a retrial because the word "Indiana" was not

used when describing the location of the burglarized residence. *Lindsey v. State* (1971), 257 Ind. 78, 272 N.E.2d 458.

■ Appellant claims the State violated due process when they failed to respond to a discovery order for the criminal records of the State's witnesses. They specifically refer to the State's lack of response for the criminal record of Keith Corn. The only mention of a criminal record in the State's response regarding Corn was the fact that at the time of his arrest he was wanted for escape.

During the State's direct examination of Keith Corn, it was brought out that he had been in trouble for missing school, that he had violated his probation, that he had missed weekends in detention, that he had not served community service, and that he had not attended school. At the time of his arrest, he was an escapee. On cross-examination, Corn admitted that he was testifying against appellant because he thought it would go easier on him if he did. He further testified that he had a drinking and a drug problem.

If we assume for the sake of argument, that the State could have done a more thorough job in advising appellant of Corn's delinquent and criminal record prior to trial, the question is how much damage was done by the State's failure to give such information? Here the jury was not deprived of any of the information which the State could have furnished prior to trial. Corn's entire record was disclosed to the jury by the combination of the direct examination and the cross-examination of Corn.

Appellant makes no claim that he was deprived of information which was not submitted to the jury. Under the circumstances, the trial judge was well within his discretion in finding that appellant was not harmed by the State's omissions prior to trial. *Chandler v. State* (1981), 275 Ind. 624, 419 N.E.2d 142.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.