Lori Swanson, Attorney General, St. Paul, Minnesota; and Carl Thunem, Wilkin County Attorney, Breckenridge, Minnesota (for respondent)
Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)
Considered and decided by Reyes, Presiding Judge; Jesson, Judge; and Randall, Judge.*
REYES, Judge *746 On appeal from his conviction of third-degree criminal sexual conduct, appellant argues that the district court's imposition of a $9,000 fine violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and article I, section 5 of the Minnesota Constitution. We affirm.
FACTS
A.G. met appellant Garnet Frances Madden on Christmas Day of 2015 at her father's house. At that time, A.G. was 15 years old, and appellant was 26 years old. Appellant's mother and A.G.'s father were in a romantic relationship.
On January 8, 2016, A.G. went to her father's house, and appellant was there. A.G. went to bed around 10:00 p.m., and, at around 3:00 a.m., appellant woke her up and sexually penetrated her. She reported the incident to the police the next day.
On January 20, 2016, respondent State of Minnesota charged appellant with third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(b) (2014). Appellant pleaded not guilty. At the conclusion of his jury trial, the jury found appellant guilty of the charged offense. The district court sentenced appellant to 48 months in prison, stayed the sentence, placed appellant on probation for ten years, and imposed one year of local jail time. It also imposed a $9,000 fine, none of which was restitution to A.G. This appeal from the judgment of conviction follows.
ISSUES
I. Is Minn. Stat. § 609.101, subd. 2, facially unconstitutional under the Excessive Fines Clauses?
II. Is Minn. Stat. § 609.101, subd. 2, unconstitutional as applied to appellant?
III. Did the district court abuse its discretion when ordered appellant to pay a $9,000 fine?
ANALYSIS
Appellant raises two issues on appeal, arguing that the $9,000 fine violates the Excessive Fines Clauses of the United States and Minnesota Constitutions as applied to him, and, if the fine passes constitutional muster, its imposition by the district court was an abuse of discretion. Appellant's first argument must be addressed in two steps. First, we review Minn. Stat. § 609.101, subd. 2, the statute upon which the district court relied in imposing the contested fine, to determine whether it is constitutional on its face. Second, if it is facially constitutional, we determine whether section 609.101, subd. 2, as applied by the district court to appellant, was constitutional. We review *747 constitutional challenges to statutes de novo. State v. Cox , 798 N.W.2d 517, 519 (Minn. 2011).
I. Minn. Stat. § 609.101, subd. 2, is not facially unconstitutional under the Excessive Fines Clauses.
Section 609.101, subdivision 2, states that when a defendant is convicted of certain crimes, including third-degree criminal sexual conduct, the district court "must impose a fine of not less than 30 percent of the maximum fine authorized by law nor more than the maximum fine authorized by law." Minn. Stat. § 609.101, subd. 2. Subdivision 5 also provides that, if the defendant qualifies for the services of a public defender, amongst other things, then the district court "may reduce the amount of the minimum fine to not less than $50" or "permit the defendant to perform community work service in lieu of a fine." Id. , subd. 5(b) (2014).
In State v. Rewitzer , the supreme court held that a neighboring subdivision, section 609.101, subd. 3(a), did not violate the Excessive Fines Clauses because section 609.101, subd. 5(b), permits the district court to reduce the fine to $50, and therefore it did not establish a mandatory-minimum fine. 617 N.W.2d 407, 412 (Minn. 2000). Here, section 609.101, subd. 5(b), also applies to section 609.101, subd. 2, to allow a reduction of the fine. Accordingly, we hold that section 609.101, subd. 2, does not establish a mandatory-minimum fine in violation of the Excessive Fines Clauses and is not facially unconstitutional.
II. Minn. Stat. § 609.101, subd. 2, is not unconstitutional as applied to appellant.
Appellant argues that the district court violated the Excessive Fines Clauses as applied to him when it imposed a $9,000 fine for his conviction of third-degree criminal sexual conduct because he qualified for and was represented by a public defender during trial. We disagree.
Both the United States and Minnesota Constitutions provide that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." U.S. Const. amend. VIII ; Minn. Const. art. I, § 5. The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." Austin v. United States , 509 U.S. 602, 609-10, 113 S.Ct. 2801, 2805, 125 L.Ed.2d 488 (1993) (quotation and emphasis omitted). However, "[broad] discretion is necessarily vested in the legislature to impose penalties sufficient to prevent the commission of an offense," and only an extreme case warrants "holding that the constitutional limit has been transcended." Rewitzer , 617 N.W.2d at 412 (quotation omitted).
"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." United States v. Bajakajian , 524 U.S. 321, 334, 118 S.Ct. 2028, 2028, 141 L.Ed.2d 314 (1998). In Solem v. Helm , the Supreme Court held that when courts review sentences under the Eighth Amendment's Cruel and Unusual Punishments Clause, their analysis should be guided by principles of proportionality: (1) the gravity of the offense compared to the harshness of the penalty; (2) the sentences imposed for similar crimes in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010, 77 L.Ed.2d 637 (1983). In Bajakajian , the Supreme Court adopted the standard articulated *748 in Solem , holding that a fine is unconstitutionally excessive if it is grossly disproportional to the gravity of the offense. 524 U.S. at 336, 118 S.Ct. at 2037.
In Rewitzer , the Minnesota Supreme Court endorsed the Solem factors of Bajakajian 's gross-disproportionality test when analyzing a claim brought under the Excessive Fines Clauses of the United States and Minnesota Constitutions. 617 N.W.2d at 414. We therefore rely on the gross-disproportionality test to evaluate appellant's claim under the Excessive Fines Clauses of both constitutions.
A. Appellant's $9,000 fine is not grossly disproportional given the gravity of his conviction of third-degree criminal sexual conduct.
In determining the gravity of the offense, "[c]omparisons can be made in light of the harm caused or threatened to the victim or society, and the culpability of the offender." Solem , 463 U.S. at 292, 103 S.Ct. at 3011. In doing so, we assess the "widely shared views as to the relative seriousness of crimes." Id.
Appellant argues that his crime was relatively less serious than other criminal-sexual conduct offenses because: (1) he was not charged with or convicted of any sexual conduct involving force, coercion, physical injury, position of authority, a physically helpless victim, or any other such circumstance; (2) the offense involved a single incident; and (3) the offense is a purely age-based crime. His argument lacks merit.
While it is true that appellant was not charged with or convicted of criminal-sexual conduct involving force or coercion, age-based sexual assault is a serious crime. The Minnesota Legislature included third-degree criminal sexual conduct in its definition of a "crime of violence." Minn. Stat. § 624.712, subd. 5 (2014). In general, "nonviolent crimes are less serious than crimes marked by violence or the threat of violence." Solem , 463 U.S. at 292-93, 103 S.Ct. at 3011. In particular, "[r]ape has a permanent psychological, emotional, and sometimes physical impact on the child" through "the years of long anguish that must be endured by the victim of child rape." Kennedy v. Louisiana , 554 U.S. 407, 435, 128 S.Ct. 2641, 2658, 171 L.Ed.2d 525 (2008). "[R]ape is a serious crime deserving serious punishment." Graham v. Florida , 560 U.S. 48, 69, 130 S.Ct. 2011, 2027, 176 L.Ed.2d 825 (2010) (quotation omitted). "[S]exual abuse of a child under the age of 16-a crime often referred to as statutory rape[,]" Bjerke v. Johnson , 727 N.W.2d 183, 193 (Minn. App. 2007), aff'd , 742 N.W.2d 660 (Minn. 2007), "reflects the feeling of society in general that sexual contact by adults with children under 16 is reprehensible whether or not the child consents, because at that age, the child should be deemed incapable of giving consent." State v. Steinbrink , 297 N.W.2d 291, 293 (Minn. 1980).
Appellant also argues that the offense of statutory rape does not carry a widespread social or economic impact. Not so. In 2015, the Minnesota Department of Health reported that in 2005, sexual violence, including statutory rape, cost almost $8 billion in Minnesota, or $1,500 per resident. Minn. Dep't of Health, Sexual Violence Prevention Legislative Report 6 (Jan. 2015). "Sexual violence is a major public health problem and a costly burden on our state, with many lifelong health impacts for victims." Id. As the number of adverse childhood sexual-abuse incidents increases, "the risk for health problems increases in areas such as alcohol and substance use, depression, anxiety[,] and smoking." Id. at 10. This widespread social and economic impact is evidenced in the statute authorizing the fine, which requires that 70 percent of *749 the fine collected be given "to a local victim assistance program that provides services locally in the county in which the crime was committed." Minn. Stat. § 609.101, subd. 2. The gravity of appellant's offense, both to the victim and society, is objectively severe.
We next review the harshness of the penalty. Appellant argues that the fine imposed places an undue financial burden on him. But during sentencing, appellant insisted that he be granted work-release privileges because he had a good job that he did not want to lose. A.G. requested that appellant not be granted work-release privileges. The district court granted appellant's work-release request specifically to allow him to keep his job and earn money to pay off the fine it imposed.
Additionally, appellant's fine need not be paid in full until February 14, 2027, and does not pose a risk of a probation violation because appellant will have completed ten years of probation by the time it is due. At the time he applied for a public defender, appellant earned $1,768 per month, with $1,090 in expenses and almost $700 of disposable income. Long term, even if appellant had not been granted work release for his year in jail, he would have to save $1,000 per year, $83.33 per month, to pay the $9,000 in full by its due date. Appellant's crime and its social and economic impact is not grossly disproportional to the fine imposed.
B. Appellant's fine is not grossly disproportional compared to the fines imposed for other sex crimes in Minnesota.
Appellant urges this court to compare the current statutory fine imposed for third-degree criminal sexual conduct with other crimes ranked as severity-level five under the 2005 Minnesota Sentencing Guidelines prior to Minnesota's creation of the sex-offender grid. We decline appellant's invitation.
More appropriately, we compare the fine for appellant's offense, which is a level-D sex offense on the sex-offender grid, with fines for other similar offenses. See Minn. Sent. Guidelines 5A (2015). Other level-D offenses include second-degree criminal sexual conduct, which carries a fine of not more than $35,000, and dissemination of pornographic works involving minors, second offense, which carries a maximum fine of $20,000. Minn. Stat. §§ 609.343, subd. 1(a)-(b), (g), 617.247, subd. 3 (2014) ; Minn. Sent. Guidelines 5A. The crime for which appellant was convicted carries a maximum fine of $30,000, and his fine is therefore not grossly disproportional to other fines imposed for similarly severe sex offenses in Minnesota.
C. Appellant's fine is not grossly disproportional compared to the fines imposed for the same crime in other jurisdictions.
Appellant argues that his fine is grossly disproportional to the fines imposed in other jurisdictions for the same crime. He cites to the state of Washington's statute for the same offense, which carries a maximum fine of $10,000, to support his argument. See Wash. Rev. Code §§ 9A.44.079, 9A.20.021 (2014). We are not persuaded.
We instead compare the fine imposed in Minnesota to the fines imposed for the same crime, both in neighboring states and federally. In Minnesota, an offender who engages in sexual penetration with a victim is guilty of criminal sexual conduct in the third degree if the victim is at least 13 years old but is less than 16 years old, and the offender is more than 24 months older than the victim. Minn. Stat. § 609.344, subd. 1(b). The offender is subject to a fine of not more than $30,000 and not less than $9,000, which the district court may decrease *750 at its discretion. Minn. Stat. §§ 609.344, subd. 2(1), 609.101, subds. 2, 5(b).
In Iowa, an offender who engages in a sexual act with a victim who is 14 or 15 years old and at least four years younger than the offender is guilty of a class C felony. Iowa Code § 709.4(1)(b)(3), (2) (2014). Class C felonies carry a fine of up to $10,000 and a minimum fine of $1,000. Iowa Code § 902.9(1)(d) (2014).
In North Dakota, an offender who is 22 years of age or older who has sexual contact with a victim-minor who is 15 years of age or older is guilty of a class C felony. N.D. Cent. Code § 12.1-20-07 (2014). Class C felonies carry a fine of $10,000. N.D. Cent. Code § 12.1-32-01(4) (2014).
In South Dakota, an offender who sexually penetrates a victim who is at least 13 years old, but is under 16, and is at least three years younger than the offender, is guilty of a class 3 felony. S.D. Codified Laws § 22-22-1 (2014). Class 3 felonies carry a maximum fine of $30,000. S.D. Codified Laws § 22-6-1 (2014).
In Wisconsin, an offender who has sexual contact or intercourse with a victim who is under the age of 16 years is guilty of a Class C felony. Wis. Stat. § 948.02(2) (2014). Class C felonies carry a maximum fine of $100,000. Wis. Stat. § 939.50(3)(c) (2014).
Federally, an offender who engages in a sexual act with a victim who is at least 12 years old but less than 16 is guilty of sexual abuse of a minor for an offense occurring on certain federal lands. 18 U.S.C. § 2243 (2014). This is a base-offense-level-18 crime, which carries a minimum fine of $10,000 and a maximum of $100,000. U.S. Sentencing Guidelines Manual §§ 2A3.2, 5E1.2 (U.S. Sentencing Comm'n 2015).
Collectively, these jurisdictions authorize maximum fines between $10,000 and $100,000. The maximum fine imposed for third-degree criminal sexual conduct in Minnesota is $30,000. Thus, appellant's $9,000 fine is not grossly disproportional to the fines imposed in other jurisdictions for the same crime.
Because appellant's fine is not grossly disproportional compared to (1) the harm caused to both the victim and society; (2) fines imposed for other sex crimes in Minnesota; and (3) fines imposed for the same crime in other jurisdictions, it does not violate the Excessive Fines Clauses of either the United States or Minnesota Constitutions.
III. The district court did not abuse its discretion when it ordered appellant to pay a $9,000 fine.
Appellant also argues that the district court abused its discretion when it imposed a $9,000 fine because he was classified as indigent and qualified for a public defender. We disagree.
"[L]egislatures have extremely broad discretion in defining criminal offenses, and in setting the range of permissible punishments for each offense. Judicial decisions that operate within these legislatively enacted guidelines are typically reviewed for an abuse of discretion." Miller v. One 2001 Pontiac Aztek , 669 N.W.2d 893, 898 (Minn. 2003) (quotation and emphasis omitted).
Minn. Stat. § 609.101, subd. 2, requires imposition of a minimum of thirty percent of the maximum $30,000 fine, and section 609.101, subdivision 5, permits the district court to reduce the fine to $50 for specific reasons, including the defendant's indigent status. However, the district court is not required to do so: "the court may reduce the amount of the minimum fine to not less than $50." Minn. Stat. § 609.101, subd. 5(b) (emphasis added); see Minn. Stat. § 645.44, subd. 15 (2014) (" 'May' is permissive.").
*751 Here, the record reflects that the district court considered both appellant's indigent status and his ability to pay the fine. Appellant has ten years to pay the fine and has the economic potential to complete payment within the allotted time. The district court granted him work-release privileges for his year in jail specifically to facilitate his payment of the fine. Therefore, the district court did not abuse its discretion when it did not decrease appellant's fine.
DECISION
Because Minn. Stat. § 609.101, subd. 2, is not facially unconstitutional in violation of the Excessive Fines Clauses, and because the statute is constitutional as applied to appellant's case, we conclude that the $9,000 fine imposed did not violate the Excessive Fines Clauses and that the district court did not abuse its discretion.
Affirmed.

Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.