STEPHEN C. SCHILLING *v.* STATE OF INDIANA.

[No. 877S586. Filed June 16, 1978.]

*Grant W. Hawkins, Samper, Samper & Hawkins,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

PIVARNIK, J.—At the conclusion of a jury trial in Marion Criminal Court on March 9, 1977, appellant Schilling was convicted of assault and battery with intent to kill and second-degree murder. He was sentenced to imprisonment for two to fourteen years on the assault count and to life imprisonment on the murder count.

The sole question presented for our review is the sufficiency of the evidence to support these convictions. The evidence in this case indicates that on the night of January 12, 1976, one Finley Nelson was stabbed to death in his room in the Home

Hotel in downtown Indianapolis. Prior to the time when decedent Nelson's body was found by police, he had been overheard in an argument with appellant Schilling over money. Appellant, who had formerly worked at the Home Hotel as a handyman, was identified as a participant in this argument by two other tenants of the hotel who knew both him and the decedent. Jean Summers, one of these tenants, saw appellant in decedent Nelson's room that night and later heard the argument. The other witness was Thomas Baker, who had gone to sleep that evening but was aroused when he thought he heard Finley Nelson yelling. Mr. Baker went to Mr. Nelson's door, attempted to open it, and then was attacked and stabbed by appellant. Baker testified that appellant said, "I'm going to kill you too." Then, Baker blacked out. Baker identified appellant as his assailant both at trial and in a photographic identification procedure conducted by police.

With respect to the second-degree murder conviction, the argument is that the evidence of appellant's guilt is only circumstantial, and that on review this court must exclude every reasonable hypothesis of innocence. However, we apply the same standard of review to this case as we do to all cases. We consider only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. In doing so, we neither weigh the evidence nor determine the credibility of witnesses. If there is then substantial evidence of probative value for every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Ruetz* v. *State,* (1978) 268 Ind. 42, 373 N.E.2d 152, 156. It is the jury's function to weigh conflicting evidence or uncontradicted evidence from which conflicting yet reasonable inferences may be drawn and then to determine whether such evidence excludes every reasonable hypothesis of innocence. *Bryant* v. *State,* (1978) 268 Ind. 498, 376 N.E.2d 1123. We believe that the evidence in this case, as recited above, is sufficient as a matter of law to support appellant's conviction of second-degree murder.

With respect to the conviction of assault and battery with intent to kill, appellant's argument is that the evidence at trial did not establish the element of an intent to kill Thomas Baker. Appellant's use of a deadly weapon against Baker, however, coupled with his announced intention to kill Baker, is sufficient evidence to support the jury's finding on this count. *Cf. Howey* v. *State*, (1977) 267 Ind. 15, 366 N.E.2d 662, 663.

The judgment of the trial court is affirmed. All justices concur.

NOTE.—Reported at 376 N.E.2d 1142.