PATRICK E. WILLIAMS *v.* STATE OF INDIANA

[No. 2-678A182. Filed December 20, 1978.]

*Carol A. Glass,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Michael Gene Worden,* Deputy Attorney General, for appellee.

CHIPMAN, P.J. — Appellant-defendant, Patrick E. Williams, was convicted in a trial to the court of Count I, Commission of a Felony While Armed, to-wit:  Rape[1] and Count II, Rape.[2] Williams appeals alleging the following errors:  (1) the trial court committed fundamental error by sentencing Williams on both counts; and (2) there was insufficient evidence to sustain the verdict because (a) the State witness' testimony was unworthy of belief, and (b) the State failed to present sufficient evidence establishing the venue of the alleged offense. We find that it was error to enter judgment and impose sentence upon both Counts I and II.

1.   IC 35-12-1-1 [Burns 1975]. Repealed by 1976 Ind. Acts, P.L. 148, § 24, effective October 1, 1977.

2.   IC 35-13-4-3 [Burns 1975]. Repealed by 1976 Ind. Acts, P.L. 148, § 24, effective October 1, 1977.

The trial court is directed to vacate both the judgment and sentence on Count II, Rape, and is in other respects affirmed.

I. Entry of Judgment on Both Counts

Williams asserts that the court erred in sentencing him on both counts of the information. Since this issue was not contained in the motion to correct errors, it must be fundamental error before we will reach it on appeal. A reviewing court is reluctant to invoke the fundamental error doctrine and should do so only when a blatant error has occurred which would deny a defendant fundamental due process. *Phillips v. State* (1978), 268 Ind. 556, 376 N.E.2d 1143. The fundamental error doctrine allows the reviewing court to "by-pass the normal rules of appellate procedure . . . and, in so doing, to disregard the sound judicial policy underlying that procedure." *Winston v. State* (1975), 165 Ind.App. 869, 332 N.E.2d 229.

In reviewing the record as to the conviction and sentencing of Williams we conclude that fundamental error did occur. *Pinkler v. State* (1977), 266 Ind. 467, 364 N.E.2d 126; *Swininger v. State* (1976), 265 Ind. 136, 352 N.E.2d 473. We will, therefore, address this issue notwithstanding Williams' failure to present it in his motion to correct errors.

IC 35-13-4-3, which is the rape statute with which we are here concerned, provides in part:

Whoever has carnal knowledge of a woman forcibly against her will, or of a female child under the age of sixteen [16] years; or whoever being over eighteen [18] years of age, has carnal knowledge of a woman, other than his wife, who is insane, idiotic or feeble minded, he knowing of such condition; [,] is guilty of rape, . . .

It should be observed that under this statute, several distinct crimes of rape are defined, all of which are felonies, namely: (1) where the act was forcibly done and against the will of the woman, i.e. forcible rape; (2) with a child under sixteen years of age, with or without force, i.e. statutory rape; and (3) with an insane or feeble minded woman, force again not being necessary. *Chesterfield v. State* (1923), 194 Ind. 282, 141 N.E. 632. The proof necessary to establish one of these rape offenses would be at variance with the evidence and proof that would be required in order to establish another of the offenses. These crimes of rape do

not contain the same elements and consequently, are not included offenses, but rather, must be regarded as separate, distinct offenses. *See Gunderman v. State* (1934), 207 Ind. 515, 191 N.E. 338.

Our Supreme Court has previously held that where the *identical* crime is charged in two separate counts, the only difference being that in one count the defendant is additionally charged with being armed with a deadly weapon, judgment should only be entered for the greater offense and not upon both counts. *Dembowski v. State* (1968), 251 Ind. 250, 240 N.E.2d 815; *Robbins v. State* (1968), 251 Ind. 313, 241 N.E.2d 148. Therefore, where both statutory rape and commission of statutory rape while armed are charged, judgment should lie only for the greater offense of armed statutory rape. *Robbins, supra.* Likewise, where forcible rape and armed forcible rape are charged, the defendant cannot be convicted on both the lesser crime of forcible rape and the greater crime of armed forcible rape. *Hudson v. State* (1976), 265 Ind. 302, 354 N.E.2d 164.

The case at bar is unique in that under Count I, Williams was charged with committing rape while armed, but the information was drafted such that the charge appeared to be forcible rape while armed. Count II charged Williams solely with committing statutory rape. At first blush, the two counts appear to be two separate and distinct offenses since forcible rape and statutory rape each require proof which the other does not. *Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 75 L.Ed. 306; *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. However, upon examining the record presented to us, it is our opinion that Williams was tried and convicted by the court of forcibly raping V. W. while armed and that because she was fifteen years of age at the time, this offense was necessarily statutory rape while armed.

The key factor in the trial judge finding Williams guilty of Count I was that V.W. had been the victim of armed rape. If a female who is under sixteen years of age is raped, whether the rape is committed forcibly or whether there is consent, the offense remains statutory rape. *See Caudill v. State* (1946), 224 Ind. 531, 69 N.E.2d 549; *Liechty v. State* (1930), 202 Ind. 66, 169 N.E. 466; *Rahke v. State* (1907), 168 Ind. 615, 81 N.E. 584. Only when a female reaches the age of consent, i.e. sixteen

years old, does it become necessary, in order to establish the crime of rape, to show force and a lack of consent. In order to convict Williams of violating IC 35-12-1-1, Commission of Rape While Armed, it was only necessary in this case to establish that he had carnal knowledge of the victim (then 15) while armed with a knife. As a result, the conviction and sentence upon Count II must be vacated since statutory rape is a lesser included offense of armed statutory rape.

## II. Insufficient Evidence

### (A) Testimony unworthy of belief

Williams alleges there was insufficient evidence because V. W.'s testimony was not worthy of belief. By asserting that this testimony was unworthy of belief, Williams has in effect invited us to examine and weigh the credibility of V. W.'s testimony. It is well established that in reviewing an appeal, we do not weigh the evidence and determine the relative credibility of witnesses. *Schilling v. State* (1978), 268 Ind. 534, 376 N.E.2d 1142, We look only to the evidence most favorable to the State and the reasonable inferences flowing therefrom in order to determine whether there was sufficient evidence of probative value to have found the existence of each element of the offense beyond a reasonable doubt. *Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042; *Jones v. State* (1978), 267 Ind. 680, 372 N.E.2d 1182.

It has long been held in Indiana that the testimony of the victim is of itself sufficient evidence to sustain a conviction for rape, provided each and every element of the crime charged was contained in her testimony. *Harris v. State* (1978), 268 Ind. 12, 373 N.E.2d 149; *Hightower v. State* (1973), 260 Ind. 481, 296 N.E.2d 654. Such a rule conforms to the reality of the circumstances of rape. *Dixon v. State* (1976), 264 Ind. 651, 348 N.E.2d 401.

In this case, the victim's testimony was corroborated in part by circumstantial evidence. She testified that Williams had threatened her with a knife and forced her to have intercourse in the back seat of his car. Blood stains were found on the back seat of Williams' car, and an Indianapolis Police Officer testified he saw a knife on the front seat of Williams' car when he looked through the car's window. This circumstantial evidence made V. W.'s testimony more credible.

We find there was sufficient evidence of probative value to prove Williams was the man who raped V. W. and that he did so while armed.

(B)   Insufficient evidence of venue

Williams' final allegation of error is that the State failed to present substantial evidence of probative value as to the county in which the offenses occurred. When the question of venue is raised upon the sufficiency of the evidence, every reasonable intendment will be made in favor of the trial court's judgment. *Lindsey v. State* (1971), 257 Ind. 78, 272 N.E.2d 458.

The evidence supports the finding that when V. W. was abducted, she was within Marion County, walking near downtown Indianapolis. She testified that after driving around in Williams' car for about three hours, Williams stopped the car and then forced her to have intercourse. Williams contends that because V.W. did not know exactly where the alleged intercourse took place, venue was not established. If this logic were permitted to prevail, then merely blindfolding a victim so that they would be unable to specifically relate where the final act occurred, would prevent venue fom ever being established.

IC 35-1.1-2-1 (d) was enacted in order to thwart such a defense. This section of the statute provides:

(d)  If the commission of a crime is commenced in one county and is consummated in another county, the trial may be had in either of said counties.

Even if the evidence was not sufficient to prove the act of intercourse occurred in Marion County, under the above statute, proof of venue was established in this case since the testimony did establish that V. W. initially was abducted within Marion County.

The trial court is directed to vacate both the judgment and sentence on Count II, Rape, because Count II is a lesser included offense of Count I, and is in all other respects affirmed.

Young, J. concurs.

Miller, J. concurs in result.

NOTE — Reported at 383 N.E.2d 416.