Samuel E. WELLS, Sr.,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3-1079A275.

Court of Appeals of Indiana,
Third District.

March 26, 1980.

Rehearing Denied May 8, 1980.

Max Cohen, Merrillville, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

STATON, Judge.

A jury found Samuel Wells, Sr., guilty of theft by failure to make a required disposition of property.[1] In his appeal to this Court, Wells contends that the verdict was not supported by sufficient evidence[2] and that the verdict was the result of an improper compromise.

We affirm.

### I.

### Sufficiency of the Evidence

The relevant language of IC 35–17–5-4 provides:

"A person who obtains property upon agreement, or subject to a known legal obligation to make specified payment or other disposition, whether from such

property or its proceeds commits theft if he deals with the property obtained as his own and . . . fails to make the required payment . . . ."

Wells argues that the evidence did not show the existence of a written agreement prescribing an obligation to dispose of the property in question and did not show that he dealt with the property as his own.

■ When reviewing the sufficiency of the evidence, we will neither weigh the evidence nor determine the credibility of witnesses. *Jones v. State* (1978), Ind., 377 N.E.2d 1349. Rather, we will look only at the evidence most favorable to the State and the reasonable inferences which flow therefrom. If, from that perspective, there is evidence of probative value regarding each element of the offense, the conviction will not be disturbed. *Schilling v. State* (1978), Ind., 376 N.E.2d 1142.

The evidence most favorable to the State discloses that Wells began working as a field investigator for the Bureau of Motor Vehicles in February of 1972. On January 15, 1976, Luis Semidei was involved in an automobile accident. Because Semidei had no automobile insurance, his driving privileges were suspended. He was notified by the Bureau of Motor Vehicles that he would have to post a bond of $800 in order to have those privileges reinstated. On June 10, 1976, he went to Wells' office and posted the required bond in cash. Wells gave Semidei a receipt for the cash.

Wells had been instructed by his superiors to transmit bonding money to the Bureau the same week it was received. He had been further instructed to notify the Bureau if, for some reason, he could not so transmit the money. Instead, Wells deposited the cash in a personal safety deposit box. As of January 24, 1978, two years

---

1. IC 1971, 35–17-5-4, Ind.Ann.Stat. § 10-3031 (Burns Code Ed.) (repealed 1977). See IC 1971, 35-41–1-1 for savings clause.

2. Pursuant to Ind. Rules of Procedure, Trial Rule 50, Wells moved for a judgment on the evidence after the jury had returned its verdict. He challenges the denial of that motion. We

will consider Wells' allegations of error as to the denial of the TR. 50 motion and as to the sufficiency of the evidence together, since if there was sufficient evidence to sustain the conviction, it was obviously not error to deny Wells' TR. 50 motion. *Winston v. State* (1975), Ind.App., 332 N.E.2d 229.

after receiving $800 in cash from Semidei, Wells had not transmitted the cash to his superiors at the Bureau. Wells was charged with theft.

 Wells' argument concerning the obligation to dispose of the property is predicated on an improper, restrictive interpretation of IC 35–17–5–4. The obligation to make a specified disposition need not be one that has been reduced to writing; it suffices if the obligation or duty has been orally communicated to the defendant. *Miller v. State* (1972), 153 Ind.App. 54, 285 N.E.2d 843. Here, the evidence established that Wells had been informed of his obligation to transmit the bonding money to the Bureau.

IC 35–17–5–4 further provides that a person shall be inferred to have dealt with the property as his own if he failed to make the required disposition. The fact that Wells retained the money for more than a year and a half in a personal safety deposit box in spite of his instructions to transmit the money on a weekly basis also supported an inference that he treated the property as his own.

II.

Compromise Verdict

 Wells was charged by a multiple count information. Five of the counts dealt with violations of IC 35–17–5–4. The jury returned verdicts of not guilty on several of those counts. Wells argues that because the State produced similar evidence on the five violations of IC 35–17–5–4 and because the jury only found Wells guilty on one count, the guilty verdict was necessarily a compromise verdict.

 We note, however, that each count alleged the taking of money from a different individual. Thus, the evidence on the various counts was not identical and the resulting verdicts were not inconsistent. Moreover, each count in an information is to be regarded as if it were a separate information and inconsistent verdicts on the counts do not require a reversal of the

conviction. *Smith v. State* (1979), Ind., 388 N.E.2d 484.

The conviction is affirmed.

GARRARD, P. J., and CHIPMAN, J. (by designation), concur.