

**FILED**

Dec 21 2023, 9:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

D.H.
New Castle, Indiana

ATTORNEY FOR APPELLEES

Timothy R. Stoesz
Stoesz & Stoesz
Noblesville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| **D.H.,** | December 21, 2023 |
| *Appellant-Respondent,* | Court of Appeals Case No. 23A-JT-1369 |
| v. | Appeal from the Hamilton Superior Court |
| **A.C., C.C., and S.R.,** | The Honorable Andrew R. Bloch, Magistrate |
| *Appellees-Petitioners* | Trial Court Cause No. 29D03-2212-JT-1804 |

**Opinion by Judge Vaidik**
Judges Bradford and Brown concur.

**Vaidik, Judge.**

# Case Summary

D.H. impregnated his girlfriend's fourteen-year-old daughter, S.R., who gave birth to a daughter of her own. D.H. pled guilty to sexual misconduct with a minor and received a lengthy prison sentence. S.R. then petitioned to terminate D.H.'s parental rights under Indiana Code section 31-35-3.5-3, which provides that if a child was conceived as a result of "an act of rape," the victim-parent can seek to terminate the rights of the perpetrator-parent. The trial court granted the petition, interpreting the phrase "act of rape" broadly to extend beyond the rape statute and include any sexual intercourse between an adult and a person under sixteen.

What the parties and the trial court didn't realize is that a different statute in another part of Title 31 defines "act of rape" as (1) "an act described in" the rape statute or (2) an act of child molesting (where the victim is under fourteen) involving deadly force, a deadly weapon, serious injury, or drugging. *See* Ind. Code § 31-9-2-0.9. Because the trial court didn't consider whether D.H. committed an act described in the rape statute, we must reverse the termination order. But because the case wasn't litigated or decided under the proper statutory framework, we remand the matter to the trial court for a new termination hearing focused on the controlling definition of "act of rape."

# Facts and Procedural History

## I. Statutory Framework

[3] We begin by setting forth the relevant statutes. The termination statute, Indiana Code section 31-35-3.5-3, states, in relevant part:

> [I]f a child was conceived as a result of an act of rape, the parent who is the victim of the act of rape may file a verified petition with the juvenile or probate court to terminate the parent-child relationship between the child and the alleged perpetrator of the act of rape.

The statute doesn't require a rape conviction, or even a rape charge, only "an act of rape." The statute doesn't define "act of rape," but another statute does. Indiana Code section 31-9-2-0.9 provides:

> "Act of rape", for purposes of IC 31-35-3.5, means an act described in:
>
> > (1) IC 35-42-4-1; or
> >
> > (2) IC 35-42-4-3(a) that:
> >
> > > (A) is committed by using or threatening the use of deadly force or while armed with a deadly weapon;
> > >
> > > (B) results in serious bodily injury; or
> > >
> > > (C) is facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as

defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge.

Section 35-42-4-3 is the child-molesting statute, which applies only when the victim is under fourteen. The first statute listed—Indiana Code section 35-42-4-1—is the rape statute.

[4] The rape statute provides, in relevant part:

[A] person who knowingly or intentionally has sexual intercourse with another person or knowingly or intentionally causes another person to perform or submit to other sexual conduct (as defined in IC 35-31.5-2-221.5) when:

(1) the other person is compelled by force or imminent threat of force;

(2) the other person is unaware that the sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5) is occurring;

(3) the other person is so mentally disabled or deficient that consent to sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5) cannot be given; or

(4) the person disregarded the other person's attempts to physically, verbally, or by other visible conduct refuse the person's acts;

commits rape, a Level 3 felony.

I.C. § 35-42-4-1(a).

[5] One other statute is important to our discussion—the sexual-misconduct-with-a-minor statute, under which D.H. was charged and convicted. Indiana Code section 35-42-4-9 provides, in relevant part:

> (a) A person at least eighteen (18) years of age who knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5) with a child less than sixteen (16) years of age, commits sexual misconduct with a minor, a Level 5 felony. However, the offense is:
>
>> (1) a Level 4 felony if it is committed by a person at least twenty-one (21) years of age; and
>>
>> (2) a Level 1 felony if it is committed by using or threatening the use of deadly force, if it is committed while armed with a deadly weapon, if it results in serious bodily injury, or if the commission of the offense is facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge.

The definition of "act of rape" makes no mention of this statute. Of course, an act described in subsection (a)(2) (deadly force, deadly weapon, etc.) would almost certainly satisfy the rape statute and be an act of rape under the termination statute. But an act charged under subsection (a)(1) might also qualify. Some sex acts charged, in the prosecutor's discretion, as sexual misconduct with a minor might also be "described" in the rape statute and

therefore implicate the termination statute. For example, sexual intercourse with a person under sixteen, who attempts to physically, verbally, or by other visible conduct refuse, would satisfy the rape statute and would constitute an act of rape under the termination statute even if the prosecutor chose to charge only sexual misconduct with a minor.

[6] With the statutory framework in place, we turn to this case.

## II. Factual Background

[7] D.H., a man in his mid-twenties, had sex with his girlfriend's two teenage daughters, including S.R., who was fourteen. S.R. became pregnant and gave birth to a daughter. D.H. was charged with two counts of sexual misconduct with a minor, pled guilty, and was sentenced to fifteen years in prison.

[8] Though incarcerated, D.H. filed a pro se paternity action seeking to establish custody, parenting time, and child support. Understandably, S.R. didn't want D.H. involved in her daughter's life, so she and the child's court-appointed guardians initiated a separate action seeking to terminate D.H.'s parental rights under Section 31-35-3.5-3. After a hearing, the trial court granted the petition and terminated D.H.'s rights. The court found it "clear" that "an act of rape occurred" because "[i]t is well established that a minor cannot consent to sexual intercourse with an adult." Appellant's App. Vol. II pp. 3-4. At no point in the petition, the hearing on the petition, or the trial court's order was there any mention of Indiana Code section 31-9-2-0.9, the statute that expressly limits the scope of the phrase "act of rape."

[9] D.H. now appeals.

## Discussion and Decision

[10] As they did in the trial court, the parties debate the meaning of "act of rape" without mentioning the statute that defines the phrase. D.H. contends that if he had committed an act of rape, the State would have charged him with rape under Indiana Code section 35-42-4-1 rather than charging him with sexual misconduct with a minor under Indiana Code section 35-42-4-9. S.R. and the guardians respond that the phrase "act of rape" goes beyond the rape statute. They argue that sexual intercourse with a person under sixteen fits "the common meaning of rape," Appellee's Br. p. 8, because "[i]t has long been Indiana law that an individual under the age of sixteen (16) cannot give consent," *id.* at 6 (citing *Williams v. State*, 383 N.E.2d 416, 417 (Ind. Ct. App. 1978)).

[11] If we were just interpreting the language of the termination statute (Section 31-35-3.5-3), we would probably agree with the appellees and affirm the termination order. The statute says "an act of rape" but doesn't require a rape conviction and doesn't incorporate or otherwise reference the rape statute, such as by stating "an act of rape (as defined in IC 35-42-4-1)." As such, we would be inclined to construe the phrase broadly, as the trial court did, to include an adult's sexual intercourse with a person who is under sixteen and therefore incapable of meaningful consent.

[12] But the termination statute doesn't stand alone. Indiana Code section 31-9-2-0.9 limits the phrase "act of rape" to the acts described in the rape statute (and some acts described in the child-molesting statute, which is inapplicable here because S.R. wasn't under fourteen). Under the rape statute, sexual intercourse is rape only when the victim (1) is compelled by force or the threat of force, (2) is unaware that the intercourse is occurring, (3) is so mentally disabled or deficient that consent cannot be given, or (4) attempts to physically, verbally, or by other visible conduct refuse the intercourse. Because the trial court found—reasonably, but incorrectly—that any sexual intercourse between an adult and a person under sixteen is an act of rape under the termination statute, it didn't address whether D.H.'s intercourse with S.R. involved any of the circumstances listed in the rape statute. Without such a finding, we must reverse the termination order.

[13] Under the circumstances, however, the best course of action is to hold a new termination hearing. The first time around, no one in the courtroom was aware of the statutory definition of "act of rape," so the case was litigated and decided based on an incomplete and mistaken understanding of the relevant statutes. Therefore, we remand this matter to the trial court for a new termination hearing focused on the controlling definition.

[14] We also ask the legislature to revisit this statutory scheme. Sexual intercourse between an adult and a child under sixteen is almost always a serious felony—either child molesting or sexual misconduct with a minor (there are limited exceptions identified in the statutes). *See* I.C. §§ 35-42-4-3(a), 35-42-4-9(a). But

not all victims of these crimes who become pregnant can seek relief under the termination statute. As it exists now, an "act of rape" is limited to only those acts described in (1) the rape statute or (2) a section of the child-molesting statute describing the most aggravated acts of molestation (e.g., sexual intercourse where the under-fourteen victim is threatened with deadly force, seriously injured, or drugged).

[15] Significantly, this means that teenage victims of sexual misconduct with a minor, and many victims of child molesting, cannot seek termination under Section 31-35-3.5-3 unless they can prove that the felony sex crimes committed against them are also covered by the rape statute. This allows for some troubling outcomes. For example, a fourteen-year-old girl who is physically forced to have sex with a forty-year-old man can seek termination, but a fourteen-year-old girl who silently endures the sex in paralyzing fear cannot. We encourage the legislature to consider expanding the statutes to include all acts of child molesting and sexual misconduct with a minor.

[16] Reversed and remanded.

Bradford, J., and Brown, J., concur.